```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/2022

HONEEDEW INVESTING LLC,

                            Plaintiff,                            **19-CV-08951 (JPC) (VF)**

        -against-                                    **OPINION & ORDER**

JOSE ABADI,

                            Defendant.

```
-----------------------------------------------------------------X
```

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On May 18, 2022, Defendant Jose Abadi instructed its counsel, Liston Abramson LLP ("LA"), to file a motion to withdraw as counsel because Abadi, due to his advanced age and limited financial resources, no longer wanted to participate in the suit and effectively intended to default. See ECF No. 52 at 2. At Defendant's direction, counsel filed the instant motion, seeking an order permitting its withdrawal. See ECF Nos. 51-52. For the following reasons, the motion to withdraw is **GRANTED**.

## BACKGROUND

On September 26, 2019, Plaintiff Honeedew Investing LLC ("Honeedew") brought this action against Defendant pursuant to Article 10 of New York Debtor and Creditor Law to set aside allegedly fraudulent conveyances to Defendant initiated by non-party judgment debtors Carlos Abadi and/or Barbara Abadi. See Compl. ¶ 1, ECF No. 1; Am. Compl. ¶ 1, ECF No. 43. Plaintiff alleges that the conveyances were made without consideration and with the intent of concealing the transferred assets so that they could not be subject to Plaintiff's outstanding state court judgment against the non-party judgment debtors. See Compl. ¶ 2; Am. Compl. ¶ 2.

Plaintiff seeks, among other relief, a court order: (1) setting aside the conveyances; (2) disregarding the conveyances and attaching or levying execution upon the property conveyed; and/or (3) awarding Plaintiff a money judgment in the amount of the conveyances Defendant received. See Compl. ¶¶ 29, 39, 44; Am. Compl. ¶¶ 48, 58, 63.

Defendant, who resides in Argentina, was not served with the Complaint until October 27, 2021. See ECF No. 12 (certificate of service). Following Defendant's failure to timely answer or otherwise respond to the Complaint, on December 10, 2021, the Clerk of Court entered a Certificate of Default, and on December 20, 2021, Plaintiff filed a motion for default judgment. See ECF Nos. 17, 20-24. Defendant appeared and filed an opposition to the motion for default on January 19, 2022. See ECF Nos. 31-33. The motion was denied without prejudice on January 21, 2022. See ECF No. 34. On January 28, 2022, Defendant filed his answer to Plaintiff's initial complaint. See ECF No. 35. On March 17, 2022, Plaintiff filed an amended complaint; Defendant filed his answer on March 30, 2022. See ECF Nos. 43-44.

Defendant is a 92-year-old citizen and resident of Argentina. Declaration of Jose Abadi dated May 25, 2022 ("Abadi Decl.") ¶ 2, ECF No. 54. On January 12, 2022, Defendant engaged LA to represent him in this action. Def.'s Br. at 1, ECF No. 52; Abadi Decl. ¶ 4; Declaration of David G. Liston dated May 26, 2022 ("Liston Decl.") ¶¶ 3-4, ECF No. 53. Defendant is represented by two partners at the firm: David G. Liston and Alex G. Patchen. Liston Decl. ¶¶ 1-2; ECF Nos. 27-28 (January 12, 2022 notices of appearance). Earlier this year, Defendant "suffered from serious medical concerns" including COVID-19 and pneumonia, the latter of which caused him to be hospitalized for eight days. Liston Decl. ¶ 9; Abadi Decl. ¶ 7. Defendant states that he has not yet recovered from the effects of pneumonia and that his doctors have instructed him "to avoid unnecessary stress." Abadi Decl. ¶ 7. Defendant also suffers from

2

Parkinson's disease, and represents that his condition "has grown worse over time and requires that [he] rests and avoid stress." Id. ¶ 8.

On April 27, 2022, Plaintiff submitted a letter motion requesting that this Court: (1) compel Defendant's deposition to take place in the United States; (2) compel Defendant's complete responses to certain outstanding discovery requests; and (3) address Defendant's alleged Rule 26 violation and "consider the imposition of sanctions." See ECF No. 45. On May 18, 2022, Defendant instructed LA to notify the court that he would no longer participate in any proceedings, "whether on his own behalf or through counsel," because of "advanced age of 92 years old, poor health, and limited financial resources" Def.'s Br. at 1; Liston Decl. ¶¶ 10-11; Abadi Decl. ¶¶ 9-10. Defendant further instructed LA to "file a motion to withdraw as counsel . . . and to take no further action in connection with these proceedings other than with respect to the motion to withdraw." Def.'s Br. at 1; Liston Decl. ¶ 11; Abadi Decl. ¶ 10. Liston "personally spoke with Abadi" via telephone with regard to his "clear and unambiguous" instructions and represents that Defendant made this decision with the full understanding of the potential consequences of non-participation in this action. Liston Decl. ¶¶ 12-14; Abadi Decl. ¶¶ 10-13. Defendant represents that he has terminated his engagement with LA. Abadi Decl. ¶ 13; Liston Decl. ¶ 14. On May 18, 2022, counsel for Defendant submitted a letter notifying the Court and Plaintiff of Defendant's instructions. See ECF No. 49.

On May 26, 2022, Defendant's counsel filed the instant motion, seeking to withdraw, along with Declarations of David G. Liston and Jose Abadi in support of the motion. See ECF Nos. 51-54.[1] Plaintiff filed its opposition on June 7, 2022, and the motion was fully briefed as of June 13, 2022. See ECF Nos. 58-61.

---

[1] Counsel's motion seeks leave of this Court for both David G. Liston and Alex G. Patchen of Liston Abramson LLP to withdraw as counsel for Defendant. See ECF Nos. 51-52.

**DISCUSSION**

I.   **Legal Standard**

Local Rule 1.4 of the of the Civil Rules of the United States District Court for the Southern and Eastern Districts of New York provides that an attorney who has appeared as attorney of record for a party "may not withdraw from a case without leave of the court" and "[s]uch an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal." See Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999); Fellah v. City U. of New York, No. 20-CV-6423 (JPC), 2020 WL 13260347, at *1 (S.D.N.Y. Dec. 11, 2020). When considering whether to grant a withdrawal motion, "district courts must [ ] analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011); Karimian v. Time Equities, Inc., No. 10-CV-3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011). Whether to grant or deny a motion for withdrawal is within the trial court's discretion. See Spadola v. N.Y. City Transit Auth., No. 00-CV-3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002); Stair v. Calhoun, 722 F.Supp.2d 258, 264 (E.D.N.Y. 2010).

II.   **Analysis**

In support of the motion for withdrawal, Defendant's counsel presents two arguments. First, Defendant's counsel asserts that "discharge by the client is a satisfactory basis for an order allowing counsel to withdraw," and that the "New York Rules of Professional Conduct mandate an attorney be permitted to withdraw when that attorney is discharged." Def.'s Br. at 1-2. Second, Defendant's counsel asserts that its withdrawal "will have no significant impact on

---

LA is not asserting a retaining or charging lien in connection with this motion. See Def.'s Br. at 3; Liston Decl. ¶ 15.

Plaintiff and will not disrupt the [l]awsuit" because Plaintiff may seek a default judgment. Id. at 2. Defense counsel further notes that Defendant is aware that "his decision to not defend himself" in this action presents the "the risk of default judgment being entered against him." Id. at 2 (citing Abadi Decl. ¶ 12).

Plaintiff opposes the motion on two grounds. Plaintiff first asserts that the motion does not contain sufficient evidentiary support with respect to Defendant's medical issues and financial condition. Pl.'s Br. at 1-4, ECF No. 58; Declaration of Eric S. Medina dated June 7, 2022 ("Medina Decl.") ¶ 28, ECF No. 59. And second, Plaintiff argues that the withdrawal of defense counsel will cause further delay to the case and prejudice Plaintiff. Pl.'s Br. at 1, 4-5.

For the reasons that follow, withdrawal is both permitted and warranted.

A. Defense Counsel has Proffered Satisfactory Reasons Supporting the Motion for Withdrawal

Courts in this District have consistently found that a client's discharge of an attorney is a sufficient basis for an attorney to withdraw as counsel. See Battino v. Cornelia Fifth Ave., LLC, No. 09-CV-04113 (LGS), 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013) ("Withdrawal is permissible when a client indicates he or she no longer wishes to be represented by counsel."); Oscar de la Renta, Ltd. v. Strelitz, Ltd., No. 92-CV-3907 (CES), 1993 WL 205150, at *1 (S.D.N.Y. June 7, 1993) (same); Hossain v. The Roger Smith Hotel/Unit No. 3, No. 98-CV-5119 (DAB) (SEG), 1999 WL 195049, at * 1 (S.D.N.Y. Apr. 8, 1999) ("Discharge by a client is sufficient cause for withdrawal of an attorney."). Here, in a sworn declaration, Defendant has stated that he has discharged his attorneys, has terminated his engagement with the law firm, will no longer participate in these proceedings, and understands the potential consequences of his

non-participation.[2] Abadi Decl. ¶¶ 9-13. The circumstances here are similar to those in Oscar De La Renta Ltd. v. Strelitz Ltd., where the court granted a motion for counsel to withdraw after the defendant "indicated that it no longer wishe[d] to either defend th[e] action or prosecute its counterclaim." See 1993 WL 205150, at *1. Simply put, the Court cannot compel Defendant to continue participating in this suit. And, Defendant's lawyers cannot take further action in this case where their client refuses to participate in the action, has discharged them as his attorneys, and has instructed them to take no further action in this proceeding.

Plaintiff argues that Defendant's motion lacks the requisite evidentiary support for "any of the allegations concerning the Defendant's health, welfare, financial status, or ability to travel." Medina Decl. ¶ 28. According to Plaintiff, courts "routinely require that assertions of medical necessity" or financial hardship be supported by credible evidentiary materials. Pl.'s Br. at 2-3. But Defendant is not seeking to have a deposition postponed, as was the circumstance in the lone case Plaintiff cites to support its argument that an affidavit of a medical professional is required to substantiate Defendant's claim of poor health. See Lemus v. Pezzementi, No. 15-CV-5592 (NSR) (LMS), 2017 WL 11616546, at *1 (S.D.N.Y. Apr. 24, 2017) (ordering defendants to submit affidavit from licensed medical professional if defendants would seek to have a deposition postponed on the basis of the deponent's medical condition). Instead, Defendant is effectively electing to default, which Defendant has to the right to do for any reason, including poor health or financial condition. Plaintiff cites to no case where a court required the party, in

---

[2] Plaintiff attempts to cast doubt on defense counsel's representation that they have communicated with Defendant and explained the consequences of Defendant's decision. See Pl.'s Br. at 4; Medina Decl. ¶ 26. Defense counsel has confirmed, in sworn declarations submitted under penalty of perjury, that they have personally spoken to Defendant and advised him of the consequences of not defending this action. See Liston Decl. ¶¶ 12-14; Supplemental Declaration of David G. Liston dated June 13, 2022 ¶ 3. Plaintiff provides no evidence to cast doubt on the veracity of those representations to the Court.

those circumstances, to provide documentation to substantiate the explanation proffered for reaching the decision not to participate in the litigation and instead risk the entry of a default judgment.

      B.   Withdrawal of Counsel Will Not Disrupt the Proceedings or Prejudice Plaintiff

In addition to considering the reasons for withdrawal, courts also look at "whether the prosecution of the suit is [likely to be] disrupted by a withdrawal of counsel." See Whiting, 187 F.3d at 320-21 (citation and internal quotation marks omitted) (alteration in original). Where a case is "on the verge of trial readiness," courts have denied motions for withdrawal, reasoning that permitting an attorney's withdrawal would prejudice the other party and disrupt and delay the proceeding. Malarkey v. Texaco, Inc., No. 81-CV-5224 (CSH), 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989); Ghesani v. Trico VIII Petroleum, Inc., No. 03-CV- 9854 (FM), 2005 WL 3117485, at *1 (S.D.N.Y. Nov. 22, 2005) ("To permit the requested withdrawal just prior to the trial would cause disruption to the Court's calendar and waste precious judicial resources."); Vachula v. General Electric Capital Corp., 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion.").

Conversely, courts have granted motions to withdraw where discovery is still ongoing, reasoning that in such circumstances, "prejudice is unlikely to be found." Karimian, 2011 WL 1900092, at *3 (granting withdrawal motion where "substantial discovery ha[d] taken place, [but] discovery ha[d] not yet closed"); Brown v. National Survival Games, Inc., No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov.18, 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial . . . granting the instant motion will not likely cause undue delay"); Freund v. Weinstein, No. 08-CV-1469 (FB) (MDG), 2009 WL 750242, at *1 (E.D.N.Y. March 19, 2009) ("[W]ithdrawal at this juncture will not substantially

disrupt this litigation since discovery is in the early stages."); Furlow v. City of New York, No. 90-CV-3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (allowing withdrawal where document discovery was complete but depositions had not been taken).

Defense counsel's withdrawal will not disrupt the lawsuit or prejudice Plaintiff. Defendant is not seeking to replace counsel. And even without Defendant's participation, the case will continue to progress, and Plaintiff may ultimately be entitled to a default judgment against Defendant. Moreover, the procedural posture of the case further supports granting the withdrawal motion. This action is still in discovery; it is nowhere near the "verge of trial," and the only motion practice thus far has been the default judgment motion that was opposed and denied in January 2022.

Plaintiff argues that Defendant has continuously delayed these proceedings, and that granting the motion to withdraw will only cause further delay and prejudice to Plaintiff. Plaintiff's argument, however, ignores that this is not a circumstance where the motion to withdraw is premised on a party seeking to replace his attorney. Defendant is effectively seeking to end his participation in this suit, and the Court cannot compel him to continue defending the action. In any case, Plaintiff's claim of prejudice is undermined by the fact that if Defendant does not defend this action—which he represents he will not—Plaintiff can obtain a default judgment against him.

To be sure, "the Court may consider the 'protracted history of the litigation'" when deciding whether or not to permit counsel to withdraw. SEC v. Great American Technologies, Inc., No. 07-CV-10694 (DC), 2009 WL 4885153, at *5 (S.D.N.Y. Dec.15, 2009) (citation omitted). But a significant portion of the delay here, approximately two years, is attributable to the inability to effectuate service on Defendant, a foreign national, and there is no indication that

defense counsel's motion to withdraw is a pretext for more delay. See Blue Angel Films, 2011 WL 672245, at *2 ("Although the plaintiff argues here that the motion to withdraw here is only a pretext for stalling the proceedings . . . there is no evidence suggesting that defendant's counsel is engaged in such a strategy.").

In short, defense counsel has proffered satisfactory reasons for requesting withdrawal pursuant to Local Rule 1.4, and permitting counsel's withdrawal will not unnecessarily delay the proceeding or prejudice Plaintiff.

## CONCLUSION

For the reasons stated above, the instant motion to withdraw as counsel is **GRANTED.** The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 51.

**Defendant is hereby notified that failure to defend this action and/or participate in its proceedings (e.g., by failing to engage in discovery or attend conferences) may result in sanctions, including striking of Defendant's Answer and entry of default judgment against him.**

SO ORDERED.

DATED:   New York, New York
         October 3, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge