# MEDINA LAW FIRM LLC

| | | |
|---|---|---|
| 641 LEXINGTON AVENUE<br>Thirteenth Floor<br>New York, NY 10022<br>Telephone: (212)-404-1742<br>Facsimile: (888)-833-9534 | A Limited Liability Company<br>www.medinafirm.com | 1199 S. FEDERAL HIGHWAY<br>Suite 421<br>Boca Raton, FL 33432<br>Telephone: (954)-859-2000<br>Facsimile: (888)-833-9534 |

Eric S. Medina, Esq.º

Writer's Email:
emedina@medinafirm.com

January 26, 2023

> **SO ORDERED**
> /s/ Valerie Figueredo
> VALERIE FIGUEREDO
> United States Magistrate Judge
> Dated: 03/09/2023
>
> For the reasons discussed at the conference on March 9, 20203, the motion to compel JP Morgan Chase Bank N.A. appears to be moot. The Clerk of Court is directed to terminate the motion at ECF No. 73.

**VIA CM/ECF**
Hon. Valerie Figueredo, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Honeedew Investing LLC vs. Jose Abadi*
       Case No. 19-cv-089519-jpc
       Default and request for permission to file motion to compel

Dear Judge Figueredo:

   We represent plaintiff Honeedew Investing LLC ("Honeedew" or "Plaintiff") in the above-referenced matter. Plaintiff writes to request this Court's permission to compel JP Morgan Chase Bank N.A. (referred to as "JPM") to produce all responsive documents within its possession relating to transfers of money and/or property from judgment debtors Carlos Abadi and/or Barbara Abadi ("Judgment Debtors") to defendant Jose Abadi ("Defendant") and to confirm or deny its compliance with the terms of the subpoena served on JPM. Plaintiff further writes to update the Court with respect to the lack of any participation from Defendant by the Court imposed deadline in addition to its anticipated motion for default judgment.

Background

   Plaintiff holds a judgment exceeding $6 million dollars against the Judgment Debtors, the son and daughter-in-law of the Defendant. This action seeks damages for transfers of money and property relating to real estate in the Maldonado Islands, Uruguay and proceeds from rental and an insurance claim for a multimillion-dollar apartment in Argentina owned by Judgment Debtors (Compl. ¶¶ 19-25). This case further seeks damages for Defendant's aiding and abetting a fraud and tortious interference in connection with the collection of the judgment through, amongst others, the Defendant's role in assisting Judgment Debtors to conceal nearly $100,000.00 per month from Lebanese banks through a Delaware registered limited liability company operating in New York City named Decision Boundaries LLC ("DB") (Compl. ¶¶ 26-44). Given the

{00089747}

Medina Law Firm LLC
January 26, 2023
Page 2

Defendant's willful refusal to comply with his discovery obligations Plaintiff was forced to resort to third-party discovery against DB and JPM in connection with aspects of these claims.[1]

As previously indicated, Plaintiff served subpoenas on "JP Morgan Chase & Co". and Decision Boundaries LLC ("DB").[2] On December 20, 2022, JPM transmitted written correspondence indicating it would not respond to that subpoena (served on its registered agent) asserting it was "issued to an incorrect or non-existent entity." JPM stated that new subpoenas would need to be issued and served on "JP Morgan Chase Bank, N.A." and "J.P. Morgan Securities LLC," separately. On December 22, 2022, Plaintiff prepared and issued new document subpoenas to each of the foregoing entities each which were served via registered agent on December 27, 2022 calling for production on January 10, 2023.[3]

In the first week of January JP Morgan Securities LLC responded by letter they did not possess responsive documents. JPM contemporaneously requested an extension of time to produce responsive documents to which the Plaintiff agreed. On or about January 16, 2023, JPM produced a single category of documents: bank statements from DB and indicated its position that it believed it complied with the subpoena. Review of those documents confirms that DB was established as part of a fraudulent scheme in so much as the majority of daily transactions of DB comprise purchases from a well-known internet pornography website named "only fans," amongst others (which clearly indicate DB is a sham) along with large deposits of money and wire transfers to and from foreign banks in Lebanon, Switzerland, and Uruguay. On January 20, 2023, Plaintiff wrote to JPM indicating it appears JPM's production was missing a number of documents that naturally should have been produced. Plaintiff's correspondence identified in detail those documents and sought confirmation from JPM that it would revisit its search for responsive documents and further confirm JPM's response included a search of records of JPM private wealth and international banking. Despite request for response by January 24, 2023, JPM failed or refused to respond. Following several phone calls to JPM, the undersigned was advised that JPM would be in contact concerning Plaintiff's January 24, 2023 correspondence; however, to date no other communication has been received from JPM. Plaintiff as recently as yesterday followed up by telephone with representatives of JPM but has not received any indication that JPM will comply with its obligations under the subpoena.

At no time has JPM asserted any objections to any of the subpoenas and therefore any such objections are waived. *See* Fed. R. Civ. Proc. 45(d)(2)(B); *In re DG Acquisition Corp.* 151 F.3d 75, 81 (2d Cir. 1998). Similarly, DB, which was served a second time via the secretary of state has failed to respond in any manner whatsoever. Accordingly, Plaintiff requests permission to file a motion for contempt against each of DB and JPM.

---

[1] Defendant and Judgment Debtors have extensive ties to JPM having in the near past and it is believed in the present have account holders with JPM's private wealth for at least ten years.

[2] As the Court may recall DB is the legal entity formed and owned by Defendant which "employs" non-party judgment-debtor Carlos Abadi. As set forth in Plaintiff's December 19, 2022, status letter [Doc. No. 68], Plaintiff was unable to serve DB at its registered agent address in light of the building having no record of DB's current tenancy.

[3] Plaintiff contemporaneously also transmitted electronic copies to JPM.

{00089747}

Medina Law Firm LLC
January 26, 2023
Page 3

Defendant Jose Abadi's Default

Following numerous extensions and opportunities to comply with his obligations, Defendant had through January 20, 2023 (the deadline established by this Court in its Order [Doc. No. 60] of December 20, 2022) to respond to discovery in this matter. No action has been taken by Defendant nor any communication received from Defendant. Accordingly, Plaintiff intends to file its motion to strike the Defendant's answer [Doc. No. 44] and for the entry of default judgment upon completion of collection of relevant documents from JPM as the Plaintiff anticipates the need for an inquest in connection with default judgment against this Defendant.

Plaintiff further respectfully requests that related deadlines for fact discovery be extended to coincide with collection of outstanding documents from JPM.

Thank you in advance for Your Honor's consideration.

Respectfully submitted,

*/s/ Eric S. Medina*
Eric S. Medina, Esq.

cc: Leah Lucas, Operations Manager
JP Morgan Chase Bank, N.A. (*via secure document portal*)

Jose Abadi (*via federal express*)

Decision Boundaries LLC (*via regular mail*)

{00089747}