UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
HONEEDEW INVESTING LLC,                          :
                                                 :      Civil Action No.: 19-CV-8951-(JPC-VF)
                          Plaintiff,             :
                                                 :
           -against-                             :
                                                 :
JOSÉ ABADI,                                      :
                                                 :
                          Defendant.             :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO SUBSTITUTE DEFENDANT

---

MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax (888) 833-9534
www.medinafirm.com
*Counsel for Plaintiff*

*Eric S. Medina, Esq. (on the brief)*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................. 1

LEGAL ARGUMENT ........................................................................................................ 2

    A.   Substitution in general ......................................................................................... 2

    B.   Timeliness ............................................................................................................ 3

    C.   Survival of Claim ................................................................................................ 3

    D.   Proper Parties to Substitute ................................................................................ 4

    E.   Service of the Motion .......................................................................................... 5

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

*Allen ex rel. Allen v. Devine*, 09–cv–668 (ADS) (ETB), 10–cv–1319 (ADS)(ARL), 2011 WL 5117619 at *2 (E.D.N.Y. Oct. 25, 2011) ................................................................. 3

*Allen ex rel. Allen v. Devine*, *supra*, 2011 WL 5117619 at *4. ...................................................... 5

*Badalamenti v. Country Imported Car Corp*., CV 10 4993(SJF) (WDW), 2012 WL 6061639 at *9 (E.D.N.Y. Dec. 5, 2012) ................................................................................................ 4

*Barrett v. United States*, 689 F.2d 324, 331 (2d Cir.1982)............................................................. 4

*Barrett*, 689 F.2d at 331 ................................................................................................................. 4

*Byxbie v. Wood*, 24 N.Y. 607, 612 (1862) ..................................................................................... 4

*ee Mayer v. Ertheiler*, 144 A.D. 158, 1(1st Dep't. 1911) .............................................................. 4

*English v. Murphy–Lattanzi*, 12–CV–419 (JS)(SIL), 2015 WL 630248 at *2 (EDNY. Feb. 12, 2015) .......................................................................................................................... 3

*Gothberg v. Town of Plainville*, 305 F.R.D. 28, 29 (D. Conn. 2015)............................................ 3

*Lai Yoong Low v. Tian Yu Inc*., No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9, 2015)............................................................................................................... 3

*Lai Yoong Low v. Tian Yu Inc.*, No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *2–4 (S.D.N.Y. Mar. 9, 2015)............................................................................................................... 5

Pastorello v. City of New York, No. 95-cv-0470 (CSH), 2000 WL 1538518, at *2 (S.D.N.Y. Oct. 18, 2000) ................................................................................................................ 3

*Roe*, 2003 WL 22715832, at *2 ...................................................................................................... 4

*Servidone Constr. Corp. v. Levine*, 156 F.3d 414, 416 (2d Cir.1998)............................................ 3

*Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir.1998) ............................................... 3

*United States v. Arena,* CV 02–5216(JS)(WDW)*, 2007 WL 2907492 at *2 (E.D.N.Y. Aug. 24, 2007) (Report & Recommendation), adopted at 2007 WL 2907430 (E.D.N.Y. Sept. 30, 2007)3

## STATUTES

N.Y. Est. Powers & Trusts Law § 11-3.2 (McKinney)..................................................................... 4

New York Debtor Creditor law §§ 273-a through 278 .................................................................... 4

## RULES

Fed. R. Civ. P. 25............................................................................................................................. 2

Fed. R. Civ. P. 25(a)(1)..................................................................................................................... 2

Fed. R. Civ. P. 4............................................................................................................................... 5

Fed. R. Civ. P. 5............................................................................................................................... 5

**INTRODUCTION**

Plaintiff, Honeedew Investing LLC ("Honeedew" or Plaintiff") hereby submits its memorandum of law in support of its motion ("Motion") to substitute the successors of defendant Jose Abadi ("Jose Abadi" or "Defendant") in this action pursuant to Federal Rule of Civil procedure 25.  In support of its Motion Plaintiff respectfully represents as follows.

**FACTUAL BACKGROUND**

Plaintiff hereby incorporates the Declaration of Eric S. Medina, Esq. dated October 30, 2023 ("Medina Decl.") and the Declaration of Honeedew's Manager, Mr. Alan Dayan dated October 30, 2023 ("Dayan Decl.").  The following sets forth the salient facts relating to this Motion. Defendant died in Argentina over the summer. *See* Medina Decl. Ex. A.  Prior to his passing, the Defendant was in default and the Plaintiff was authorized to move for the entry of judgment by default (for a second time following his initial appearance in this action) after his counsel withdrew from the case.  *See* Medina Decl. ¶¶10-11.  Plaintiff learned and confirmed the Defendant's death in September of 2023.  *Id*. at ¶5.  Plaintiff sought leave to file this Motion from the Court and in the interim became aware that Jose Abadi's successors were initiating proceedings for administration.

Annexed to the Medina Decl. at Ex. A, is a translated copy of the Affidavit of Julian Kopoff, an Argentine attorney who represents Honeedew in the nation of Argentina in connection with enforcement proceedings there.  Mr. Knopoff's Affidavit posits that Argentina follows a similar system of intestate succession than those of the US in so much as a representative is appointed to administer real and personal property of the deceased to the beneficiaries pursuant to a process overseen by the Argentine authorities (the "Argentine Administration").  *See* Medina Decl. at Ex., A., Knopoff Aff. ¶¶ 8-10, Annex 1, which identifies the Defendant's survivors and

1

beneficiaries under Argentine law as: Francia Abadi (surviving spouse), Miguel Abadi (surviving child), Yvonne Abadi (surviving child), and Carlos Abadi (surviving child).  *Id*.  Defendant's survivors initiated proceedings in Argentina on or about September 22, 2023.  *Id*. at ¶8.

Defendant's second successor is JP Morgan Trust Company of Delaware ("Trustee") the Trustee of Defendant's self-settled trust (named the Sunshine Trust) (the "Trust") which pursuant to the terms of which became irrevocable when the Defendant passed away.  *See* Dayan Decl. Ex.'s A, B.

**LEGAL ARGUMENT**

### A. Substitution in general

Federal Rule 25 provides:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

*See*. Fed. R. Civ. P. 25. The language of Rule 25(a)(1) is permissive, it provides "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  *See* Fed. R. Civ. P. 25(a)(1). The Advisory Committee on the 1963 amendments to Rule 25 intended that motions to substitute be freely granted. *See* Fed. R. Civ. P. 25, advisory committee note of 1963 ("A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ('the court may order') it may be denied by the court in the exercise of a sound discretion if made long after the death ... and circumstances have arisen rendering it unfair to allow substitution.").

There are three (3) areas courts should consider when determining a motion for substitution: (i) timeliness; (ii) survival of the cause(s); and (iii) identification of the appropriate

2

parties to substitute.  *See Allen ex rel. Allen v. Devine*, 09–cv–668 (ADS) (ETB), 10–cv–1319 (ADS)(ARL), 2011 WL 5117619 at *2 (E.D.N.Y. Oct. 25, 2011); *see Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir.1998).

### B.  Timeliness

Substitution is appropriate where a motion is made within 90 days of service of a statement of death.  *See Gothberg v. Town of Plainville*, 305 F.R.D. 28, 29 (D. Conn. 2015) (*citing Pastorello v. City of New York,* No. 95-cv-0470 (CSH), 2000 WL 1538518, at *2 (S.D.N.Y. Oct. 18, 2000). Here, no suggestion of death or statement of death has been served by any successor to Jose Abadi thus the Motion is timely.  *See* Medina Decl. at ¶7; *Lai Yoong Low v. Tian Yu Inc*., No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9, 2015) ("The Second Circuit has held that Rule 25(a)(1) ... requires that the statement of death be served on the involved parties.")).  Where the deceased's successor does not act, the requirement of service of a statement of death may be deemed satisfied where the aggrieved party's motion itself serves as the suggestion of death.  *Id*. (*citing United States v. Arena,* CV 02–5216(JS)(WDW)*,* 2007 WL 2907492 at *2 (E.D.N.Y. Aug. 24, 2007) (Report & Recommendation), adopted at 2007 WL 2907430 (E.D.N.Y. Sept. 30, 2007)). Moreover here, Defendant Jose Abadi has only recently passed away and his testate/intestate succession proceedings have only begun weeks ago (September 22, 2023).  *See* Medina Decl at Ex. A Reznick Aff., ¶8.

### C.  Survival of Claim

Rule 25 is procedural in nature, "it does not dictate whether or not a claim survives the death of a party."  *See English v. Murphy–Lattanzi*, 12–CV–419 (JS)(SIL), 2015 WL 630248 at *2 (EDNY. Feb. 12, 2015), *citing Servidone Constr. Corp. v. Levine*, 156 F.3d 414, 416 (2d Cir.1998).  [A] claim survives a litigant's death "if applicable state law creates a right of survival."

3

4892-9526-0294, v. 2

*Barrett v. United States*, 689 F.2d 324, 331 (2d Cir.1982).  Plaintiff's claims arise under the laws of the State of New York. *See generally*, Amend. Compl., Counts I-V.  In New York, Section 11–3.2 of the Estates Powers and Trusts Law governs the survival of legal causes of action following a litigant's death. N.Y. Est. Powers & Trusts Law § 11-3.2 (McKinney). Section 11–3.2 states in relevant part that "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury." *Id.*; *see also Barrett*, 689 F.2d at 331; *Roe*, 2003 WL 22715832, at *2.

Plaintiff's surviving claims sound in fraud: fraudulent conveyance claims for intentional and constructive fraud arising under the New York Debtor Creditor law §§ 273-a through 278 (*See* Compl. At Counts I-III) in addition to claims for aiding and abetting frauds (Amend. Compl. at Count IV) and tortious interference with the collection of the Judgment (Amend. Compl. at Count V). *See Mayer v. Ertheiler*, 144 A.D. 158, 1(1st Dep't. 1911) ("the test of survivorship is whether the injury is to pecuniary interests"); *see also Byxbie v. Wood*, 24 N.Y. 607, 612 (1862) (continued action for participation in fraudulent scheme defrauding plaintiff).  Plaintiff's claims all relate to its property interest in its Judgment and accordingly survive Defendant's death.

### D.  Proper Parties to Substitute

Under Rule 25, a proper party for substitution is "either (1) a successor of the deceased party, a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party a person lawfully designated by state authority to represent the deceased's estate." *Badalamenti v. Country Imported Car Corp.*, CV 10 4993(SJF) (WDW), 2012 WL 6061639 at *9 (E.D.N.Y. Dec. 5, 2012), *quoting Allen ex rel. Allen v. Devine*, *supra*, 2011 WL 5117619 at *4.  *See also Lai Yoong Low v. Tian Yu Inc.*, No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *2–4 (S.D.N.Y. Mar. 9, 2015).

Here, there are a number of parties who should be substituted for Defendant.  First, with regard to the Argentine Administration, Francia Abadi, Miguel Abadi, Yvonne Abadi, and Carlos Abadi should be substituted as although only Francia Abadi has brought an application for "lawful appointment" in the Argentine Administration, *See* Medina Decl. at Ex. A Reznick Aff., Annex 1. Any of the remaining three Abadi's could also potentially[1] be representatives under Argentine law and *all* are beneficiaries or distributees.  *Id*.  Similarly, the Trustee of Jose Abadi's Trust, which by its terms became irrevocable upon his death is also a proper party to substitute in his stead.  *See* Dayan Decl. at ¶3.

### E. Service of the Motion

Rule 25(a)(1) requires that a substitution motion be served on parties as provided by Fed. R. Civ. P. 5 (service generally) and on nonparties in the manner provided by Fed. R. Civ. P. 4 (service of summons).  Contemporaneously herewith Plaintiff has taken steps to have this Motion served upon the Trustee via Delaware Secretary of State and upon Francia Abadi, Miguel Abadi, Yvonne Abadi, and Carlos Abadi by, among others, the procedures of the Clerk's Office for the Southern District of New York governing service of process of foreign defendants.

### CONCLUSION

For the foregoing reasons the Plaintiff respectfully requests that the Court deny the Motion.

Respectfully submitted,

*/s/ Eric S. Medina*

Eric S. Medina, Esq.

---

[1]The actions of Carlos Abadi in evading enforcement of the Judgment to date by way of fraudulent transfers and the elaborate scheme in which he engaged with Jose Abadi and Decision Boundaries LLC warrant a cautious approach which includes adding all of these potential representatives.  Defendant prior to his death further identified each of Yvonne and Miguel Abadi in his initial disclosures under Fed. R. Civ. Proc. 26 and further in discovery it was revealed that they too partook in transfers of money or property from Jose Abadi through Decision Boundaries LLC as well.

5

MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax (888) 833-9534
emedina@medinafirm.com
*Counsel for Plaintiff*

Dated: October 30, 2023
New York, New York