# MEDINA LAW FIRM

www.medinafirm.com

641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Telephone: (212)-404-1742
Facsimile: (888)-833-9534

1200 N. Federal Highway
Second Floor
Boca Raton, FL 33432
Telephone: (954)-859-2000
Facsimile: (888)-833-9534

Eric S. Medina, Esq.º

Writer's Email:
emedina@medinafirm.com

ºMember NY, NJ & FL Bar

March 18, 2024

**VIA CM/ECF ELECTRONIC FILING**
Honorable Valerie Figueredo, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Honeedew Investing LLC vs. Jose Abadi*
      Case No. 19-08951-JPC-VF

Dear Judge Figueredo:

The undersigned represents Plaintiff Honeedew Investing LLC ("Honeedew" or "Plaintiff") please accept this letter in response to Your Honor's Order of March 11, 2024 [ECF No. 85] ("Order"). Your Honor's Order requested responses to two (2) specific questions each of which is addressed below in turn. Attached as an Exhibit to this correspondence is the sworn declaration of Dr. Julian Knopoff dated March 18, 2024, an Argentine laweyer ("Knopoff Decl. II")[1] whom previously submitted sworn statements in support of Honeedew's Motion to substitute [ECF No. 80-84] (the "Substitution Motion"). Dr. Knopoff's Decl. II sets forth the substantive legal landscape responsive to the Court's Order while the balance of this letter sets forth the procedural interplay of the substantive framework with the operative federal rules.

Defendant had and has assets and successors in both the U.S. and in Argentina. Defendant was a long-time client of JP Morgan Chase Private Bank and Plaintiff seeks to add JP Morgan Trust Company of Delaware in addition to those persons identified by the Court in its Order[2] in light of

---

[1] Plaintiff received Dr. Knopoff's statement late Monday, March 18, 2024, as such, the Plaintiff was unable to obtain a certified translation of Dr. Knopoff's statement in time for filing with this response to the Order. Plaintiff is aware of the provisions requiring a translation of the document for this Court's consideration and requests a brief extension of time with regards to the supplementation of this response to append a certified translated copy of the Knopoff Decl. II which the Plaintiff has already requested be expedited. *See Heredia v Americare, Inc.*, 2020 WL 3961618, at *4 (SDNY July 13, 2020).

[2] Defendant did in fact settle a trust, the Sunshine Trust (as discussed in the Substitution Motion) and Plaintiff has learned recently that one such (sub-trust named Paradise Lily) appears to have been cancelled by Defendant prior to

the fact that JP Morgan Trust Company of Delaware is a transferee of the Defendant (by virtue of a trust). The individuals Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi and Defendant's surviving spouse Francia Luisa Guthmann, are legal successors of the Defendant beneficiaries of certain non-trust assets and as such should also be added.

The party sought to be substituted for a decedent must be a proper party. *Gusler v. City of Long Beach*, 2015 WL 3796328, at *1 (E.D.N.Y. June 18, 2015); *see also Roe v. City of New York,* 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003). Relevant to the applicable substantive law, at the time of his death, Defendant was located in and was a national of Argentina. See Declaration of Eric Medina Declaration of Eric S. Medina, Esq. dated October 30, 2023 [ECF No. 81] ("Medina Decl. I")

Response to Question 1

The Knopoff Decl. II provides in response to Question 1 that on March 11, 2024, following notice from undersigned counsel of this Court's Order, Dr. Knopoff reviewed public records in Argentina concerning the application previously made by individuals Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann in the Argentine proceeding entitled "*Jose S. Succession Ab Intestato*" File No. 72506/2023 before the 1st National Court. *See* Knopoff Decl. II., ¶¶5-7. Based on his inquiry Dr. Knopoff's states the Argentine Court entered an order on February 14, 2024 (which is attached to Knopoff Decl. II) declaring each of the foregoing individuals as Defendant's legal successors. Dr. Knopoff goes on to state that although it is customary that the foregoing individuals seek appointment of a single representative, it is not required, and his review of the proceedings to date indicates no representative has been sought. *Id* at ¶9. For those reasons, each of Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi and Defendant's surviving spouse Francia Luisa Guthmann are the Defendant's successors under Argentine law. *Id*. at ¶10.

Response to Question 2

Plaintiff submits decisional authorities interpreting rule Rule 25 permit substitution of persons who *are not* executors or administrators. *See Roe v. City of New York,* 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003) (two categories of persons may qualify "a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate.") (*internal citations omitted*). This result followed the 1963 amendments to Rule 25, which replaced a harsher prior rule regarding proper parties, in order "to liberalize the rule and to allow flexibility in substitution of parties." *See Sinito v. U.S. Dep't of Justice,* 176 F.3d 512, 516 (D.C.Cir.1999) (noting "the

---

Defendant's passing. Within the last 30 days Plaintiff has been in contact with a representative of JP Morgan Trust Company of Delaware regarding the desirability of substituting JP Morgan Trust Company of Delaware which hinges largely upon the whether the Sunshine Trust is still in existence, since the Sunshine Trust, and naturally its trustee, are Defendant's transferee. Fed. R. Civ. Proc. 25(c); *see also Cassese v Washington Mut., Inc*., 711 F Supp 2d 261, 276 (EDNY 2010) (JP Morgan Chase was proper substitute party for Washington Mutual as its transferee, but Court would decline substitution since claim against Washington Mutual was nevertheless improper based on a lack of standing of the claimant).

MEDINA LAW FIRM
March 18, 2024
Page 3

addition of the word 'successor' to the rule means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate"); *see also In re Baycol Products Litig.*, 616 F3d 778, 783 (8th Cir 2010). Hence, Plaintiff submits that substitution of the proposed parties identified in the Substitution Motion is appropriate.

Status

Plaintiff transmitted copies of the Substitution Motion to the proposed substituted parties contemporaneously with its filing by Federal Express to Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann. Plaintiff then also served the Substitution Motion upon JP Morgan Delaware Trust Company via its registered agent for service of process in the State of Delaware. Plaintiff further then initiated service upon the aforesaid individuals via the Hague Convention for Service Abroad (which as previously noted is a lengthy process executed by the Argentine Central Authority). The Knopoff Decl. II provides an update as to the status of the Plaintiff's efforts to serve via the Hague Convention in Argentina, noting that the Substitution Motion has not yet been served by the Argentine Central Authority and is still awaiting processing. *See* Knopoff Decl. II at ¶14. Furthermore, on March 12, 2024, Plaintiff caused a "Carta Documento" advising of this proceeding and the pending Substitution Motion to be transmitted by Dr. Knopoff to Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann. As explained by Dr. Knopoff, "Carta Documento" is an Argentine legal notice mechanism intended to provide notice to another of an act or judicial proceeding which may affect the recipient's rights and indicates an opportunity to intervene or take action. *Id.* at ¶¶13-14. Each of the foregoing individuals received the Carta Documento and responded as recently as today's date, disputing the Carta Documento. Plaintiff does not yet have copies of these responses but will submit these upon receipt as further evidence that the proposed individual parties sought to be substituted in this case are fully aware of these proceedings and seek to do little more than postpone their involvement to avoid from answering for the Defendant's wrongdoing.

Accordingly, Plaintiff respectfully requests that the Court consider these responses to the Order and permit a brief extension of time for the Plaintiff to receive a certified translation of the Knopoff Decl. II so as to submit the same for the Court's consideration.

                                               Respectfully submitted,

                                               */s/ Eric S. Medina*
                                               Eric S. Medina, Esq.

Encs.

4863-9908-8812, v. 1