# MEDINA LAW FIRM

www.medinafirm.com

641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Telephone: (212)-404-1742
Facsimile: (888)-833-9534

1200 N. Federal Highway
Second Floor
Boca Raton, FL 33432
Telephone: (954)-859-2000
Facsimile: (888)-833-9534

Eric S. Medina, Esq.º

Writer's Email:
emedina@medinafirm.com

ºMember NY, NJ & FL Bar

March 18, 2024

**VIA CM/ECF ELECTRONIC FILING**
Honorable Valerie Figueredo, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Application Granted
> /s/ Valerie Figueredo, U.S.M.J.
> DATED: 3-20-2024
> The request for an extension of time to file a certified translation of Knopoff's declaration is granted. Counsel is directed to file the certified translation on the docket upon obtaining that translation.

Re:  *Honeedew Investing LLC vs. Jose Abadi*
     Case No. 19-08951-JPC-VF

Dear Judge Figueredo:

The undersigned represents Plaintiff Honeedew Investing LLC ("Honeedew" or "Plaintiff") please accept this letter in response to Your Honor's Order of March 11, 2024 [ECF No. 85] ("Order"). Your Honor's Order requested responses to two (2) specific questions each of which is addressed below in turn. Attached as an Exhibit to this correspondence is the sworn declaration of Dr. Julian Knopoff dated March 18, 2024, an Argentine laweyer ("Knopoff Decl. II")[1] whom previously submitted sworn statements in support of Honeedew's Motion to substitute [ECF No. 80-84] (the "Substitution Motion"). Dr. Knopoff's Decl. II sets forth the substantive legal landscape responsive to the Court's Order while the balance of this letter sets forth the procedural interplay of the substantive framework with the operative federal rules.

Defendant had and has assets and successors in both the U.S. and in Argentina. Defendant was a long-time client of JP Morgan Chase Private Bank and Plaintiff seeks to add JP Morgan Trust Company of Delaware in addition to those persons identified by the Court in its Order[2] in light of

---

[1] Plaintiff received Dr. Knopoff's statement late Monday, March 18, 2024, as such, the Plaintiff was unable to obtain a certified translation of Dr. Knopoff's statement in time for filing with this response to the Order. Plaintiff is aware of the provisions requiring a translation of the document for this Court's consideration and requests a brief extension of time with regards to the supplementation of this response to append a certified translated copy of the Knopoff Decl. II which the Plaintiff has already requested be expedited. *See Heredia v Americare, Inc.*, 2020 WL 3961618, at *4 (SDNY July 13, 2020).

[2] Defendant did in fact settle a trust, the Sunshine Trust (as discussed in the Substitution Motion) and Plaintiff has learned recently that one such (sub-trust named Paradise Lily) appears to have been cancelled by Defendant prior to

Medina Law Firm
March 18, 2024
Page 2

the fact that JP Morgan Trust Company of Delaware is a transferee of the Defendant (by virtue of a trust). The individuals Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi and Defendant's surviving spouse Francia Luisa Guthmann, are legal successors of the Defendant beneficiaries of certain non-trust assets and as such should also be added.

The party sought to be substituted for a decedent must be a proper party. *Gusler v. City of Long Beach*, 2015 WL 3796328, at *1 (E.D.N.Y. June 18, 2015); *see also Roe v. City of New York,* 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003). Relevant to the applicable substantive law, at the time of his death, Defendant was located in and was a national of Argentina. See Declaration of Eric Medina Declaration of Eric S. Medina, Esq. dated October 30, 2023 [ECF No. 81] ("Medina Decl. I")

Response to Question 1

The Knopoff Decl. II provides in response to Question 1 that on March 11, 2024, following notice from undersigned counsel of this Court's Order, Dr. Knopoff reviewed public records in Argentina concerning the application previously made by individuals Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann in the Argentine proceeding entitled "*Jose S. Succession Ab Intestato*" File No. 72506/2023 before the 1st National Court. *See* Knopoff Decl. II., ¶¶5-7. Based on his inquiry Dr. Knopoff's states the Argentine Court entered an order on February 14, 2024 (which is attached to Knopoff Decl. II) declaring each of the foregoing individuals as Defendant's legal successors. Dr. Knopoff goes on to state that although it is customary that the foregoing individuals seek appointment of a single representative, it is not required, and his review of the proceedings to date indicates no representative has been sought. *Id* at ¶9. For those reasons, each of Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi and Defendant's surviving spouse Francia Luisa Guthmann are the Defendant's successors under Argentine law. *Id*. at ¶10.

Response to Question 2

Plaintiff submits decisional authorities interpreting rule Rule 25 permit substitution of persons who *are not* executors or administrators. *See Roe v. City of New York,* 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003) (two categories of persons may qualify "a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate.") (*internal citations omitted*). This result followed the 1963 amendments to Rule 25, which replaced a harsher prior rule regarding proper parties, in order "to liberalize the rule and to allow flexibility in substitution of parties." *See Sinito v. U.S. Dep't of Justice,* 176 F.3d 512, 516 (D.C.Cir.1999) (noting "the

---

Defendant's passing. Within the last 30 days Plaintiff has been in contact with a representative of JP Morgan Trust Company of Delaware regarding the desirability of substituting JP Morgan Trust Company of Delaware which hinges largely upon the whether the Sunshine Trust is still in existence, since the Sunshine Trust, and naturally its trustee, are Defendant's transferee. Fed. R. Civ. Proc. 25(c); *see also Cassese v Washington Mut., Inc*., 711 F Supp 2d 261, 276 (EDNY 2010) (JP Morgan Chase was proper substitute party for Washington Mutual as its transferee, but Court would decline substitution since claim against Washington Mutual was nevertheless improper based on a lack of standing of the claimant).

MEDINA LAW FIRM
March 18, 2024
Page 3

addition of the word 'successor' to the rule means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate"); *see also In re Baycol Products Litig.*, 616 F3d 778, 783 (8th Cir 2010). Hence, Plaintiff submits that substitution of the proposed parties identified in the Substitution Motion is appropriate.

Status

Plaintiff transmitted copies of the Substitution Motion to the proposed substituted parties contemporaneously with its filing by Federal Express to Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann. Plaintiff then also served the Substitution Motion upon JP Morgan Delaware Trust Company via its registered agent for service of process in the State of Delaware. Plaintiff further then initiated service upon the aforesaid individuals via the Hague Convention for Service Abroad (which as previously noted is a lengthy process executed by the Argentine Central Authority). The Knopoff Decl. II provides an update as to the status of the Plaintiff's efforts to serve via the Hague Convention in Argentina, noting that the Substitution Motion has not yet been served by the Argentine Central Authority and is still awaiting processing. *See* Knopoff Decl. II at ¶14. Furthermore, on March 12, 2024, Plaintiff caused a "Carta Documento" advising of this proceeding and the pending Substitution Motion to be transmitted by Dr. Knopoff to Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann. As explained by Dr. Knopoff, "Carta Documento" is an Argentine legal notice mechanism intended to provide notice to another of an act or judicial proceeding which may affect the recipient's rights and indicates an opportunity to intervene or take action. *Id*. at ¶¶13-14. Each of the foregoing individuals received the Carta Documento and responded as recently as today's date, disputing the Carta Documento. Plaintiff does not yet have copies of these responses but will submit these upon receipt as further evidence that the proposed individual parties sought to be substituted in this case are fully aware of these proceedings and seek to do little more than postpone their involvement to avoid from answering for the Defendant's wrongdoing.

Accordingly, Plaintiff respectfully requests that the Court consider these responses to the Order and permit a brief extension of time for the Plaintiff to receive a certified translation of the Knopoff Decl. II so as to submit the same for the Court's consideration.

                                          Respectfully submitted,

                                          */s/ Eric S. Medina*
                                          Eric S. Medina, Esq.

Encs.

4863-9908-8812, v. 1

# TRIBUNAL DE DISTRITO DE EE. UU.

## DISTRITO SUR DE NUEVA YORK

-----------------------------------------X

HONEEDEW INVESTING LLC,

                Demandante

                -c/-

JOSÉ ABADI,

                Demandado.

-----------------------------------------X

Acción Civil No.:19-CV-8951-(JPC)(VF)

**CIUDAD DE BUENOS AIRES:**

**REPUBLICA ARGENTINA**

Yo, **JULIAN MARTIN KNOPOFF**, mayor de edad, afirmo y digo lo siguiente:

1. Soy abogado debidamente autorizado para ejercer la abogacía en Buenos Aires, Argentina. Soy miembro del estudio de abogados Estudio Reznick, con sede en Buenos Aires.

2. Efectúo esta declaración jurada a los fines de complementar y actualizar mi anterior de fecha septiembre de 2023 [Dkt. No. 83-1, 83-2 y 83-3] ("Declaración Jurada de Septiembre") en relación con la solicitud del Demandante para sustituir a las partes ante este Tribunal con respecto a los reclamos de Honeedew contra el demandado José Abadi. A menos que se indique lo contrario, tengo conocimiento personal de los hechos aquí expuestos y, si me llamaran como testigo, podría testificar de manera competente y lo haría.

3. He sido informado de que ese Honorable Tribunal, en o alrededor del 11 de marzo de 2024, ordenó al Demandante que respondiera las siguientes preguntas: (1) cuál, si alguna, de las personas nombradas en la moción es un representante del patrimonio de Abadi o un sucesor; y (2) qué autoridad apoya la sustitución como parte de las otras personas nombradas que no podrán ser el administrador legal o sucesor del patrimonio.

<u>Respuesta a la Pregunta No. 1</u>

1

Escaneado con CamScanner

4. Por la presente incorporo todas las declaraciones anteriores realizadas en la Declaración Jurada de Septiembre.

5. El proceso sucesorio, según el *TÍTULO VII del Código Civil y Comercial de la Nación (Argentina) dispone en su Capítulo CAPÍTULO 1 ARTÍCULO 2335.- Objeto. El proceso sucesorio tiene por objeto identificar a los sucesores, determinar el contenido de la herencia, cobrar los créditos, pagar las deudas, legados y cargas, rendir cuentas y entregar los bienes."* Este tipo de proceso, en apretada síntesis, se compone de tres etapas: 1) Petición de apertura del juicio sucesorio e inscripción en el Registro de Juicios Universales; 2) Averiguación sobre la existencia posible de testamentos y Publicación de edictos convocando a herederos y acreedores de la persona fallecida o "causante", etapa que culmina con la Sentencia Declaratoria de Herederos; y 3) En ocasiones "Inventario o Denuncia de Bienes", luego Partición e inscripción de bienes a nombre de los herederos o de terceros que los hubieran adquirido de éstos.

6. En o alrededor del 11 de marzo de 2024, luego de una notificación del abogado de Honeedew en Nueva York, examiné los registros públicos, las presentaciones y actuaciones del Expediente N° 72506/2023 caratulado "ABADI JOSÉ S/SUCESIÓN AB INTESTATO" que tramita ante el Juzgado Nacional de 1ª. Instancia en lo Civil N° 72.

7. Así, tuve conocimiento de que el 14 de febrero de 2024 el Juez Firmó la Sentencia Declaratoria de Herederos declarando que los sucesores de José Abadi son Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi y su cónyuge supérstite Francia Luisa Guthmann, esta última en cuanto a los bienes "propios", si los hubiere, y sin perjuicio de los derechos que la ley le acuerda en cuanto a los gananciales, únicas personas presentadas en autos reclamando derechos hereditarios.-. Adjunto a esta declaración jurada como Anexo se encuentra una copia fiel y correcta de dicha Declaración Judicial.

8. Aclaro que los "bienes propios" son aquellos que pertenecen a cada cónyuge desde antes de la celebración del matrimonio y los que adquiere gratuitamente o por subrogación real con otro bien de idéntica calidad.

9. Si bien es habitual, pero no obligatorio, que los sucesores del patrimonio de un fallecido puedan solicitar el nombramiento judicial de uno o más individuos en calidad de administrador, según mi revisión de los registros públicos, parece que ninguno de Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi y Francia Luisa Guthmann

2

Escaneado con CamScanner

han solicitado tal nombramiento, sino que, mediante declaración judicial, quedaron constituidos en sucesores del patrimonio de José Abadi según las leyes argentinas. Con respecto a la administración de los bienes de la sucesión, el Código Civil y Comercial de la Nación (Argentina) establece en su Título VI: *"Estado de indivisión. CAPÍTULO I. Administración extrajudicial. ARTÍCULO 2323.- Aplicabilidad. Las disposiciones de este Título se aplican en toda sucesión en la que hay más de un heredero, desde la muerte del causante hasta la partición, si no hay administrador designado. ARTÍCULO 2324.- Actos conservatorios y medidas urgentes. Cualquiera de los herederos puede tomar las medidas necesarias para la conservación de los bienes indivisos, empleando a tal fin los fondos indivisos que se encuentran en su poder. A falta de ellos, puede obligar a los coherederos a contribuir al pago de los gastos necesarios. ARTÍCULO 2325.- Actos de administración y de disposición. Los actos de administración y de disposición requieren el consentimiento de todos los coherederos, quienes pueden dar a uno o varios de ellos o a terceros un mandato general de administración. Son necesarias facultades expresas para todo acto que excede la explotación normal de los bienes indivisos y para la contratación y renovación de locaciones. Si uno de los coherederos toma a su cargo la administración con conocimiento de los otros y sin oposición de ellos, se considera que hay un mandato tácito para los actos de administración que no requieren facultades expresas en los términos del párrafo anterior."*

10. Según la declaración mencionada en el párrafo 6, todas las personas y cada uno de ellos: Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi y Francia Luisa Guthmann son considerados sucesores de Jose Abadi.

Respuesta a la pregunta N° 2.

11. Reitero lo indicado en el punto 4 de mi anterior Declaración Jurada de Septiembre el cual creo que da respuesta al requerimiento judicial del siguiente modo: "los *herederos quedan investidos de su calidad de tal desde el día de la muerte del causante, sin ninguna formalidad o intervención de los jueces, aunque ignoren la apertura de la*

3

*sucesión y su llamamiento a la herencia. Ello significa que pueden ejercer todas las acciones transmisibles que correspondían al causante. La excepción a esta regla es con los bienes registrables (inmuebles, automotores, embarcaciones y aeronaves) con respecto a los cuales su calidad debe ser reconocida mediante la declaratoria judicial de herederos en un proceso sucesorio.".* Esa afirmación se verifica en la Declaratoria de Herederos que dispuso el Juzgado Civil 72 el 14/feb/2024 y que ya fue mencionada. Cada uno de los herederos declarados en el juicio sucesorio de José Abadi ya está en posesión de la herencia y pueden inscribir los bienes heredados en cualquier momento, cada uno de ellos en su porción. El LIBRO QUINTO del Código Civil y Comercial de la Nación (Argentina) establece lo relativo a la TRANSMISIÓN DE DERECHOS POR CAUSA DE MUERTE y en su TÍTULO I, refiere a las "Sucesiones" indicando en el art. 2227 1ª. Parte lo siguiente: *"ARTÍCULO 2277.- Apertura de la sucesión. La muerte real o presunta de una persona causa la apertura de su sucesión y la transmisión de su herencia a las personas llamadas a sucederle por el testamento o por la ley..."*; a su vez, el art. 2280 establece que *"ARTÍCULO 2280.- Situación de los herederos. Desde la muerte del causante, los herederos tienen todos los derechos y acciones de aquél de manera indivisa, con excepción de los que no son transmisibles por sucesión, y continúan en la posesión de lo que el causante era poseedor. Si están instituidos bajo condición suspensiva, están en esa situación a partir del cumplimiento de la condición, sin perjuicio de las medidas conservatorias que corresponden. En principio, responden por las deudas del causante con los bienes que reciben, o con su valor en caso de haber sido enajenados.".* Los artículos 2316 y 2317 disponen: *"ARTÍCULO 2316.- Preferencia. Los acreedores por deudas del causante y por cargas de la sucesión, y los legatarios tienen derecho al cobro de sus créditos y legados sobre los bienes de la herencia, con preferencia sobre los acreedores de los herederos. ARTÍCULO 2317.- Responsabilidad del heredero. El heredero queda obligado por las deudas y legados de la sucesión sólo hasta la concurrencia del valor de los bienes hereditarios recibidos. En caso de pluralidad de herederos, éstos responden con la masa hereditaria indivisa."* También se establece en materia de responsabilidad de los herederos: *"ARTÍCULO 2321.- Responsabilidad con los propios bienes. Responde con sus propios bienes por el pago de las deudas del causante y cargas de la herencia, el heredero que: a. no hace*

4

*el inventario en el plazo de tres meses desde que los acreedores o legatarios lo intiman judicialmente a su realización; b. oculta fraudulentamente los bienes de la sucesión omitiendo su inclusión en el inventario; c. exagera dolosamente el pasivo sucesorio; d. enajena bienes de la sucesión, excepto que el acto sea conveniente y el precio obtenido ingrese a la masa."*

12. El pasado 12 de marzo de 2024 mi firma de abogados emitió notificaciones dirigidas a los siguientes herederos de José Abadi: Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi y Francia Luisa Guthmann. El instrumento empleado fue Carta Documento el cual es considerado en Argentina como "notificación fehaciente", sobre la existencia de la Moción de Sustitución pendiente del Demandante ante este Tribunal. Se inició esa notificación para dar aviso y oportunidad de ser escuchado sobre los procedimientos que se desarrollan ante este Honorable Tribunal. Los documentos llevan los números CD 756780108 dirigido a Francia Luisa Guthmann, CD 756780085 dirigido a Ivonne Abadi, CD 756780071 dirigido a Carlos Andrés Abadi, todos ellos en su domicilio fiscal de la calle Juan F. Segui 4400 piso 17° dpto. B de la Ciudad Autónoma de Buenos Aires zip code 1425 y CD 756780099 dirigido a Miguel Claudio Abadi en su domicilio de la calle RAMSAY 1945 PISO 11 B zip code 1428 de la Ciudad Autónoma de Buenos Aires. Entre los días 13 y 14 de marzo de 2024 según informa Correo Argentino S.A., hizo entrega física de los 4 envíos en sus respectivos domicilios.

13. El día 18 de marzo de 2024 se recibieron Cartas Documento enviadas a su vez por cada uno de los herederos mencionados mencionados en los que rechazan la notificación cursada y la calidad de apoderado del remitente.

14. Soy consciente de que Honeedew ha solicitado la notificación de la Moción de Sustitución a través de la Autoridad Central Argentina de conformidad con la Convención de La Haya y, según mi última consulta a la Autoridad Central Argentina, la solicitud de Honeedew aún no ha sido procesada.

Afirmo que lo anterior es verdadero y correcto a mi leal saber y entender. Soy consciente de que si algo de lo anterior es falso, estoy sujeto a castigo.

18 de marzo de 2024

Julian Knopoff

5

Escaneado con CamScanner



Poder Judicial de la Nación

## JUZGADO CIVIL 72

72506/2023

ABADI, JOSE s/SUCESION AB-INTESTATO

Buenos Aires,    de febrero de 2024.- MAR/mb*

**VISTOS:** estos autos para dictar declaratoria de herederos,

**CONSIDERANDO:**

I.- Con las partidas de fs. 22/39, se acredita el fallecimiento de JOSE ABADI, ocurrido el día 30 de abril de 2023. A su vez, se acredita el matrimonio del causante con Francia Luisa Guthmann.

De dicha unión, conforme surge de las mismas partidas, nacieron Carlos Andres Abadi, Ivonne Abadi y Miguel Claudio Abadi.-

II.- Con la constancia obrante a fs. 46, se acredita haber dado cumplimiento con la publicación de edictos de ley, sobre cuyo resultado negativo certifica el Sr. Actuario a fs. 47 .-

Por ello, conformidad expresada precedentemente por el Sr. Fiscal y lo dispuesto por los art. 2424, 2426 y 2433 del Código Civil y Comercial de la Nación, y 700 del Código Procesal, **RESUELVO:** declarar en cuanto ha lugar por derecho que por el fallecimiento de **JOSE ABADI,** le suceden en carácter de herederos sus hijos **CARLOS ANDRES ABADI, IVONNE ABADI Y MIGUEL CLAUDIO ABADI** y su cónyuge supérstite **FRANCIA LUISA GUTHMANN,** esta última en cuanto a los bienes propios, si los hubiere, y sin perjuicio de los derechos que la ley le acuerda en cuanto a los gananciales, únicas personas presentadas en autos reclamando derechos hereditarios.-

Cese la intervención del Sr. Fiscal. Regístrese, comuníquese al Centro de Informática y oportunamente, archívese.

Asimismo, con carácter previo deberán manifestar los interesados, si conocen sobre la existencia de otros herederos (art. 2340 del CCCN).-

*Eduardo A. Maggiora*

*Juez Subrogante*