

**Certified Translation Services, Worldwide Apostille Services**
Main Office: Southeast Spanish, Inc., 11409 Municipal Center Dr., Box 23002, Knoxville, TN 37933
Queens: 917-946-1500, Hartford: 860-880-0275, Albertson (Nassau): 516-712-6400, Fax: 877-470-1177
**American Translators Association [ATA] Member Number: 264123, expires January 2025**
www.SeSpanish.com

March 20, 2024

To whom it may concern:

RE: Certification of Translation of the following document:

- Legal Documents from Argentina – Stamped and Signed

**Translator's Declaration**

I, Daniel N. Hickman, declare that I understand the Spanish language and the English language; that I hold advanced degrees from the University of Tennessee and Georgetown University in Modern Foreign Languages, and that I am a professional translator; and that, to the best of my knowledge and belief, the statements in the English language in the attached translation, which I have stamped and signed (Translated/Verified by Southeast Spanish, Inc.), have the same meanings as the statements in the Spanish language in the scanned and included document(s), which I have examined and stamped and signed.

According to the United States Citizenship and Immigration Services (USCIS) and the Department of Homeland Security (DHS), the preceding translation statement certifies the above referenced document. For more information, please see the following site: www.uscis.gov.

This document has not been translated by a family member, friend or business associate.

**Translation Certification Statement**

This translation was verified by the following individual(s):

_____  Date Signed: March 20, 2024
Translator: Daniel N. Hickman, Ph.D. (on behalf of Southeast Spanish, Inc.)

_____  Date Signed: March 20, 2024
Dep. Translator: Caleb Brush (on behalf of Southeast Spanish, Inc.)

Copyright © 2007—2024 Southeast Spanish, Inc.

DISTRICT COURT OF THE UNITED STATES
SOUTH DISTRICT OF NEW YORK

| | |
|---|---|
| HONEEDEW INVESTING LLC<br>Plaintiff<br><br>v.<br><br>JOSE ABADI<br>Defendant | Civil Action No. 19-CV-8951-(JPC)(VF) |

**CITY OF BUENOS AIRES**
**REPUBLIC OF ARGENTINA**

**I, JULIAN MARTIN KNOPOFF,** legal adult, affirm and state the following:

1. I am an attorney duly authorized to practice law in Buenos Aires, Argentina. I am a member of the Estudio Reznick Law Firm, with offices in Buenos Aires.

2. This affidavit was recorded in order to complement and update my previous statement, recorded in September 2023. (Docket No. 83-1, 83-2 and 83-3) ("September Affidavit") in regard to the Plaintiff's request to substitute the parties before this Court with regard to the Honeedew claim against the defendant Jose Abadi. Except where indicated otherwise, I have personal knowledge of the facts described herein and, if I am called as a witness, I can testify competently and would do so.

3. I have been informed that this Honorable Court, on or around March 11, 2024, ordered the Plaintiff to respond to the following questions: (1) Which, if any, of the persons named in the motion is a representative of the Abadi estate or an heir; and (2) What authority supported the substitution of the other persons named who could not be the legal administrator or heir of the estate?

Response to question no. 1

seSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

4. I hereby incorporate all the previous statements made in the September Affidavit.

5. In the succession procedure, according to TITLE VII of the Civil and Commercial Code of the Nation (Argentina), which provides in its Chapter I, ARTICLE 2445, Purpose. The succession procedure is intended to identify the successors, determine the content of the inheritance, collect credits, pay debts, legacies and fees, render accounts and deliver assets." This type of procedure, in summary, is composed of three stages: 1) Petition to open a succession procedure and registration in the Registry of Universal Heirs; 2) Investigation of the possible existence of testaments and publication of edicts calling heirs and creditors of the deceased, which culminates with the Declaration of Heirs sentence; and 3) Sometimes, the "Inventory of Assets", then the division and registration of assets in the name of the heirs and third parties who acquired the assets.

6. On or around March 11, 2024, after a notification from the Honeedew attorney in New York, I examined the public registries, submissions and motions in Casefile no. 72506/2023, entitled "ABADI JOSE INTESTATE SUCCESSION" which was processed before the National First Instance Civil Court No. 72.

7. Thus, I was aware that on February 14, 2024, the Judge signed a Sentence declaring that the Heirs of the Jose Abadi succession are Carlos Andres Abadi, Ivonne Abadi, Miguel Claudio Abadi, and his surviving wife, Francia Luisa Guthmann, the latter in regard to the assets, if any, and without prejudice to the rights that the law grants them in regard to earnings, being the only persons present in the casefile claiming hereditary rights.

8. I clarify that the assets are those which belong to each spouse since prior to the celebration of the marriage and those acquired freely or by subrogation with another assets of identical quality.

9. It is normal, but not mandatory, for the successors of the estate of a deceased party to request the judicial appointment of one or more individuals as an administrator. According to my review of the public records, it seems that none of the heirs, Carlos Andres Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann, have requested such appointment, but

SeSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

through judicial declaration, they were appointed as heirs of the Jose Abadi state according to the Laws of Argentina. With respect to the administration of the succession assets, the Civil and Commercial Code of the Nation (Argentina) establishes in Title VI: *"State of indivision: CHAPTER I. Extrajudicial Administration. ARTICLE 2323. Applicability. The provisions of this Title are applied to all successions in which there is more than one heir, from the death of the deceased until the division of assets, if there is no administrator appointed. ARTICLE 2324. Conservation acts and urgent measures. Any of the heirs may take the measures necessary to conserve the undivided assets, using for this purpose the undivided funds that are in their power. Lacking this, they may force the co-heirs to contribute to the payment of the necessary expenses. ARTICLE 2325. Acts of administration and disposition. Acts of administration and disposition require the consent of all co-heirs, who may grant a general mandate of administration to one or more heirs or third-parties. Express powers of attorney are required for any act that exceeds the normal exploitation of the undivided assets and for the contracting and renovation of locations. If one of the co-heir takes the position of administration with the knowledge of the others and without their opposition, this will be considered a tacit mandate for all acts of administration that do not require any express faculties in the terms of the previous paragraph."*

10. According to the affidavit cited in paragraph 6, all heirs, Carlos Andres Abadi, Ivonne Abadi, Miguel Claudio Abadi and Francia Luis Guthmann, are considered the heirs of Jose Abadi.

Response to question 2

11. I reiterate point 4 in my previous Affidavit of September, in which I believe the question was answered in the following manner: *"The heirs are invested with the capacity starting with the death of the deceased, without any formality or intervention by the courts, although they ignored*

seSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

*the opening of the succession and the call of the heirs. This means that they can exercise all transmissible actions that belong to the deceased. The exception to this rule is with the registrable assets (property, vehicles, boats and aircrafts) with respect to which, their capacity must be recognized through the judicial declaration of heirs in the succession procedure.*" This statement was verified in the Declaration of Heirs provided by Civil Court 72 on February 14, 2024, as cited. Each of the heirs declared in the trial for the succession of Jose Abadi are in possession of the inheritance and they can register the inherited assets at any time, each of them in their own portion. BOOK FIVE of the Civil and Commercial Code of the Nation (Argentina) establishes the following in regard to the TRANSMISSION OF RIGHTS UPON DEATH, in its TITLE I, referring to "*Successions*", indicating in article 2227.1: "*ARTICLE 2277. Opening of the succession. The real or presumed death of a person causes the opening of the succession and the transmission of the inheritance to the persons named in the testimony or by the law...*" In turn, Article 2280 establishes: "*ARTICLE 2280. Status of the heirs. From the death of the Deceased, the heirs have all rights and undivided actions, with the exception of those that are not transmissible by succession and they shall continue to be in possession of that which the deceased was in possession of. If they are instituted under a suspended condition, the are in this capacity starting with compliance with the condition, without prejudice of the appropriate conservation measures. In principle, they are liable for all debts of the deceased with the assets received, or with the value if they have been disposed of.*" Articles 2316 and 2317 provide: "*ARTICLE 2316. Preference. The creditors of the debts of the deceased and for fees related to the succession have the right to collect credits and legacies over the assets of the inheritance, with preference over the creditors of the heirs. ARTICLE 2317. Responsibilities of the heirs. The heir is obliged to pay debts and fees for the succession only up to the total the concurrence of the value of the hereditary assets received. In the case of multiple heirs, they are jointly liable for the inheritance.*" It is also established in regard to the responsibility of the heirs: "*ARTICLE 2321. The heir will be liable to use his own assets to pay the debts of the deceased and the fees for the inheritance if he, a) Does not complete the inventory*

SeSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

*within the period of three months from the date on which the creditors or recipients judicially request its completion; b) Fraudulently hides the assets of the succession, omitting their inclusion in the inventory; c) Fraudulently exaggerates the succession liabilities; d) disposes of succession assets, except when appropriate and the price obtained is added to the inheritance mass."*

12. On March 12, 2024, my law firm issued notifications to the following heirs of Jose Abadi: Carlos Andres Abadi, Ivonne Abadi, Miguel Claudio Abadi and Francia Luisa Guthmann. The instrument used was a Document Letter which in Argentina is considered "reliable notification", reporting the existence of a Motion of Substitution pending filed by the Plaintiff before this Court. This notification was issued to give notice and opportunity to be heard on the procedures developed before this Honorable Court. The documents are numbered CD 756780108, directed to Francia Luisa Guthmann; CD 756780085, directed to Ivonne Abadi; CD 756780071, directed to Carlos Andres Abadi; all with their official address at Calle Juan F. Segui 4400, floor 17, apt. B, Autonomous City of Buenos Aires, Zip code 1425; and CD 756780099, directed to Miguel Claudio Abadi, at his address at Calle RAMAY 1945, Floor 11, Apt. B, zip code 1428, Autonomous City of Buenos Aires. Between March 13 and 14, 2024, as reported by Correo Argentino S.A., the physical delivery was made of the four documents to the respective addresses.

13. On March 18, 2024, the Documents letters were received, as sent to each of the heirs cited, in which they rejected the notification sent and the capacity of the representative of the sender.

14. I am aware that Honeedew has requested the notification of the Motion of Substitution through the Argentinian Central Authority in accordance with the Hague Convention and, according to my last consultation of the Argentinian Central Authority, the Honeedew request has still not been processed.

I attest that the above is the truth and correct to the best of my knowledge. I am aware that if any of the above is false, I will be subject to the penalties regarding perjury.

March 18, 2024.

[Signature]

Julian Knopoff

seSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

Judicial Authority of the Nation

CIVIL COURT 72

72506/2023

ABADI, JOSE – INTESTATE SUCCESSION

Buenos Aires, February __, 2024 – MAR/mb*

**HEARING:** Called to issue a declaration of heirs.

**WHEREAS:**

I. The entries recorded on page 22/39 accredit the death of JOSE ABADI, who died on April 30, 2023. In turn, they accredit the marriage of the Deceased with Francia Luisa Guthmann.

During said marriage, as accredited by the same certifications, three children were born: Carlos Andres Abadi, Ivonne Abadi and Miguel Claudio Abadi.

II. With the certification recorded on pg. 46, we accredit compliance with the publication of the Legal edicts, whose negative results are certified by the Bailiff on page 47.

Therefore, with the express agreement of the Prosecutor, and as provided by articles 2424, 2426 and 2433 of the Civil and Commercial Code of the Nation, and 700 of the Procedural Code, **IT IS RESOLVED:** To grant the rights to the succession of the deceased, **JOSE ABADI,** and declare as his heirs his children: **CARLOS ANDRES ABADI, IVONNE ABADI and MIGUEL CLAUDIO ABADI,** and his surviving wife, **FRANCIA LUISA GUTHMANN,** the latter in regard to the assets themselves, if any, and without prejudice to the rights that the law grants regarding earnings, being the only persons claiming any inheritance rights.

SeSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:

Dan Hickman, PhD
877-374-0095

Thus ends the intervention of the Prosecutor. Registered, communicated to the Information Center and archived, when appropriate.

Likewise, it must be reported by the interested parties if they are aware of the existence of any other heirs (article 2340 of the CCCN).

*Eduardo A. Maggiora*
*Deputy Judge*

seSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

TRIBUNAL DE DISTRITO DE EE. UU.

DISTRITO SUR DE NUEVA YORK

------------------------------------------------X

HONEEDEW INVESTING LLC,

                Demandante

               -c/-

JOSÉ ABADI,

                Demandado.

------------------------------------------------X

Acción Civil No.:19-CV-8951-(JPC)(VF)

CIUDAD DE BUENOS AIRES:

REPUBLICA ARGENTINA

Yo, JULIAN MARTIN KNOPOFF, mayor de edad, afirmo y digo lo siguiente:

    1.    Soy abogado debidamente autorizado para ejercer la abogacía en Buenos Aires, Argentina. Soy miembro del estudio de abogados Estudio Reznick, con sede en Buenos Aires.

    2.    Efectúo esta declaración jurada a los fines de complementar y actualizar mi anterior de fecha septiembre de 2023 [Dkt. No. 83-1, 83-2 y 83-3] ("Declaración Jurada de Septiembre") en relación con la solicitud del Demandante para sustituir a las partes ante este Tribunal con respecto a los reclamos de Honeedew contra el demandado José Abadi. A menos que se indique lo contrario, tengo conocimiento personal de los hechos aquí expuestos y, si me llamaran como testigo, podría testificar de manera competente y lo haría.

    3.    He sido informado de que ese Honorable Tribunal, en o alrededor del 11 de marzo de 2024, ordenó al Demandante que respondiera las siguientes preguntas: (1) cuál, si alguna, de las personas nombradas en la moción es un representante del patrimonio de Abadi o un sucesor; y (2) qué autoridad apoya la sustitución como parte de las otras personas nombradas que no podrán ser el administrador legal o sucesor del patrimonio.

Respuesta a la Pregunta No. 1

1

Escaneado con CamScanner

seSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

4. Por la presente incorporo todas las declaraciones anteriores realizadas en la Declaración Jurada de Septiembre.

5. El proceso sucesorio, según el *TÍTULO VII del Código Civil y Comercial de la Nación (Argentina)* dispone en su Capítulo *CAPÍTULO 1 ARTÍCULO 2335.- Objeto. El proceso sucesorio tiene por objeto identificar a los sucesores, determinar el contenido de la herencia, cobrar los créditos, pagar las deudas, legados y cargas, rendir cuentas y entregar los bienes.*" Este tipo de proceso, en apretada síntesis, se compone de tres etapas: 1) Petición de apertura del juicio sucesorio e inscripción en el Registro de Juicios Universales; 2) Averiguación sobre la existencia posible de testamentos y Publicación de edictos convocando a herederos y acreedores de la persona fallecida o "causante", etapa que culmina con la Sentencia Declaratoria de Herederos; y 3) En ocasiones "Inventario o Denuncia de Bienes", luego Partición e inscripción de bienes a nombre de los herederos o de terceros que los hubieran adquirido de éstos.

6. En o alrededor del 11 de marzo de 2024, luego de una notificación del abogado de Honeedew en Nueva York, examiné los registros públicos, las presentaciones y actuaciones del Expediente N° 72506/2023 caratulado "ABADI JOSÉ S/SUCESIÓN AB INTESTATO" que tramita ante el Juzgado Nacional de 1ª. Instancia en lo Civil N° 72.

7. Así, tuve conocimiento de que el 14 de febrero de 2024 el Juez Firmó la Sentencia Declaratoria de Herederos declarando que los sucesores de José Abadi son Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi y su cónyuge supérstite Francia Luisa Guthmann, esta última en cuanto a los bienes "propios", si los hubiere, y sin perjuicio de los derechos que la ley le acuerda en cuanto a los gananciales, únicas personas presentadas en autos reclamando derechos hereditarios.- . Adjunto a esta declaración jurada como Anexo se encuentra una copia fiel y correcta de dicha Declaración Judicial.

8. Aclaro que los "bienes propios" son aquellos que pertenecen a cada cónyuge desde antes de la celebración del matrimonio y los que adquiere gratuitamente o por subrogación real con otro bien de idéntica calidad.

9. Si bien es habitual, pero no obligatorio, que los sucesores del patrimonio de un fallecido puedan solicitar el nombramiento judicial de uno o más individuos en calidad de administrador, según mi revisión de los registros públicos, parece que ninguno de Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi y Francia Luisa Guthmann

2

Escaneado con CamScanner

SeSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

han solicitado tal nombramiento, sino que, mediante declaración judicial, quedaron constituidos en sucesores del patrimonio de José Abadi según las leyes argentinas. Con respecto a la administración de los bienes de la sucesión, el Código Civil y Comercial de la Nación (Argentina) establece en su Título VI: *"Estado de indivisión. CAPÍTULO 1. Administración extrajudicial. ARTÍCULO 2323.- Aplicabilidad. Las disposiciones de este Título se aplican en toda sucesión en la que hay más de un heredero, desde la muerte del causante hasta la partición, si no hay administrador designado. ARTÍCULO 2324.- Actos conservatorios y medidas urgentes. Cualquiera de los herederos puede tomar las medidas necesarias para la conservación de los bienes indivisos, empleando a tal fin los fondos indivisos que se encuentran en su poder. A falta de ellos, puede obligar a los coherederos a contribuir al pago de los gastos necesarios. ARTÍCULO 2325.- Actos de administración y de disposición. Los actos de administración y de disposición requieren el consentimiento de todos los coherederos, quienes pueden dar a uno o varios de ellos o a terceros un mandato general de administración. Son necesarias facultades expresas para todo acto que excede la explotación normal de los bienes indivisos y para la contratación y renovación de locaciones. Si uno de los coherederos toma a su cargo la administración con conocimiento de los otros y sin oposición de ellos, se considera que hay un mandato tácito para los actos de administración que no requieren facultades expresas en los términos del párrafo anterior."*

10. Según la declaración mencionada en el párrafo 6, todas las personas y cada uno de ellos: Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi y Francia Luisa Guthmann son considerados sucesores de Jose Abadi.

Respuesta a la pregunta N° 2.

11. Reitero lo indicado en el punto 4 de mi anterior Declaración Jurada de Septiembre el cual creo que da respuesta al requerimiento judicial del siguiente modo: "los *herederos quedan investidos de su calidad de tal desde el día de la muerte del causante, sin ninguna formalidad o intervención de los jueces, aunque ignoren la apertura de la*

3

sucesión y su llamamiento a la herencia. Ello significa que pueden ejercer todas las acciones transmisibles que correspondían al causante. La excepción a esta regla es con los bienes registrables (inmuebles, automotores, embarcaciones y aeronaves) con respecto a los cuales su calidad debe ser reconocida mediante la declaratoria judicial de herederos en un proceso sucesorio.". Esa afirmación se verifica en la Declaratoria de Herederos que dispuso el Juzgado Civil 72 el 14/feb/2024 y que ya fue mencionada. Cada uno de los herederos declarados en el juicio sucesorio de José Abadi ya está en posesión de la herencia y pueden inscribir los bienes heredados en cualquier momento, cada uno de ellos en su porción. El LIBRO QUINTO del Código Civil y Comercial de la Nación (Argentina) establece lo relativo a la TRANSMISIÓN DE DERECHOS POR CAUSA DE MUERTE y en su TÍTULO I, refiere a las "Sucesiones" indicando en el art. 2227 1ª. Parte lo siguiente: "*ARTÍCULO 2277.- Apertura de la sucesión. La muerte real o presunta de una persona causa la apertura de su sucesión y la transmisión de su herencia a las personas llamadas a sucederle por el testamento o por la ley...*"; a su vez, el art. 2280 establece que "*ARTÍCULO 2280.- Situación de los herederos. Desde la muerte del causante, los herederos tienen todos los derechos y acciones de aquél de manera indivisa, con excepción de los que no son transmisibles por sucesión, y continúan en la posesión de lo que el causante era poseedor. Si están instituidos bajo condición suspensiva, están en esa situación a partir del cumplimiento de la condición, sin perjuicio de las medidas conservatorias que corresponden. En principio, responden por las deudas del causante con los bienes que reciben, o con su valor en caso de haber sido enajenados.*". Los artículos 2316 y 2317 disponen: "*ARTÍCULO 2316.- Preferencia. Los acreedores por deudas del causante y por cargas de la sucesión, y los legatarios tienen derecho al cobro de sus créditos y legados sobre los bienes de la herencia, con preferencia sobre los acreedores de los herederos. ARTÍCULO 2317.- Responsabilidad del heredero. El heredero queda obligado por las deudas y legados de la sucesión sólo hasta la concurrencia del valor de los bienes hereditarios recibidos. En caso de pluralidad de herederos, éstos responden con la masa hereditaria indivisa.*" También se establece en materia de responsabilidad de los herederos: "*ARTÍCULO 2321.- Responsabilidad con los propios bienes. Responde con sus propios bienes por el pago de las deudas del causante y cargas de la herencia, el heredero que: a. no hace*

4

Escaneado con CamScanner

SeSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

*el inventario en el plazo de tres meses desde que los acreedores o legatarios lo intiman judicialmente a su realización; b. oculta fraudulentamente los bienes de la sucesión omitiendo su inclusión en el inventario; c. exagera dolosamente el pasivo sucesorio; d. enajena bienes de la sucesión, excepto que el acto sea conveniente y el precio obtenido ingrese a la masa."*

12. El pasado 12 de marzo de 2024 mi firma de abogados emitió notificaciones dirigidas a los siguientes herederos de José Abadi: Carlos Andrés Abadi, Ivonne Abadi, Miguel Claudio Abadi y Francia Luisa Guthmann. El instrumento empleado fue Carta Documento el cual es considerado en Argentina como "notificación fehaciente", sobre la existencia de la Moción de Sustitución pendiente del Demandante ante este Tribunal. Se inició esa notificación para dar aviso y oportunidad de ser escuchado sobre los procedimientos que se desarrollan ante este Honorable Tribunal. Los documentos llevan los números CD 756780108 dirigido a Francia Luisa Guthmann, CD 756780085 dirigido a Ivonne Abadi, CD 756780071 dirigido a Carlos Andrés Abadi, todos ellos en su domicilio fiscal de la calle Juan F. Segui 4400 piso 17° dpto. B de la Ciudad Autónoma de Buenos Aires zip code 1425 y CD 756780099 dirigido a Miguel Claudio Abadi en su domicilio de la calle RAMSAY 1945 PISO 11 B zip code 1428 de la Ciudad Autónoma de Buenos Aires. Entre los días 13 y 14 de marzo de 2024 según informa Correo Argentino S.A., hizo entrega física de los 4 envíos en sus respectivos domicilios.

13. El día 18 de marzo de 2024 se recibieron Cartas Documento enviadas a su vez por cada uno de los herederos mencionados mencionados en los que rechazan la notificación cursada y la calidad de apoderado del remitente.

14. Soy consciente de que Honeedew ha solicitado la notificación de la Moción de Sustitución a través de la Autoridad Central Argentina de conformidad con la Convención de La Haya y, según mi última consulta a la Autoridad Central Argentina, la solicitud de Honeedew aún no ha sido procesada.

Afirmo que lo anterior es verdadero y correcto a mi leal saber y entender. Soy consciente de que si algo de lo anterior es falso, estoy sujeto a castigo.

18 de marzo de 2024

Julian Knopoff

5

Escaneado con CamScanner

SeSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

Poder Judicial de la Nación

## JUZGADO CIVIL 72

72506/2023

ABADI, JOSE s/SUCESION AB-INTESTATO

Buenos Aires,     de  febrero de 2024.- MAR/mb*

      **VISTOS:** estos autos para dictar declaratoria de herederos,

      **CONSIDERANDO:**

      I.- Con las partidas de fs. 22/39, se acredita el fallecimiento de JOSE ABADI, ocurrido el día 30 de abril de 2023. A su vez, se acredita el matrimonio del causante con  Francia Luisa Guthmann.

      De dicha unión, conforme surge de las mismas partidas, nacieron Carlos Andres Abadi, Ivonne Abadi y Miguel Claudio Abadi.-

      II.- Con la constancia obrante a fs. 46, se acredita haber dado cumplimiento con la publicación de edictos de ley, sobre cuyo resultado negativo certifica el Sr. Actuario a fs.  47  .-

      Por ello, conformidad expresada precedentemente por el Sr. Fiscal  y lo dispuesto por los art. 2424, 2426 y 2433 del Código Civil y Comercial de la Nación, y 700 del Código Procesal, **RESUELVO:** declarar en cuanto ha lugar por derecho que por el fallecimiento de **JOSE ABADI,** le suceden en carácter de herederos sus hijos **CARLOS ANDRES ABADI, IVONNE ABADI Y MIGUEL CLAUDIO ABADI**  y su cónyuge supérstite **FRANCIA LUISA GUTHMANN,**  esta última en cuanto a los bienes propios, si los hubiere, y sin perjuicio de los derechos que la ley le acuerda en cuanto a los gananciales, únicas personas presentadas en autos reclamando derechos hereditarios.-

SeSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095

Cese la intervención del Sr. Fiscal. Regístrese, comuníquese al Centro de Informática y oportunamente, archívese.

Asimismo, con carácter previo deberán manifestar los interesados, si conocen sobre la existencia de otros herederos (art. 2340 del CCCN).-

*Eduardo A. Maggiora*

*Juez Subrogante*

SeSpanish.com
Southeast Spanish, Inc.
ATA # 264123
Translated/Verified by:
Dan Hickman, PhD
877-374-0095