# MEDINA LAW FIRM

www.medinafirm.com

641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Telephone: (212)-404-1742
Facsimile: (888)-833-9534

Eric S. Medina, Esq.º

1200 N. Federal Highway
Second Floor
Boca Raton, FL 33432
Telephone: (954)-859-2000
Facsimile: (888)-833-9534

<u>Writer's Email:</u>
emedina@medinafirm.com

ºMember NY, NJ & FL Bar

May 31, 2024

**VIA CM/ECF ELECTRONIC FILING**
Honorable Valerie Figueredo, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Honeedew Investing LLC vs. Jose Abadi*
        Case No. 19-08951-JPC-VF
        <u>Response to Directive April 19, 2024</u>

Dear Judge Figueredo:

The undersigned represents Plaintiff Honeedew Investing LLC ("Honeedew" or "Plaintiff") in the above-referenced matter. Please accept this correspondence in response to the Court's Order dated April 19, 2024 [ECF. No. 89][1] as extended pursuant to the Court's Order dated May 24, 2024 [ECF. No. 91] (the "Order").

   I.   <u>Plaintiff's Motion to Substitute</u>

   Plaintiff filed its motion for substitution on November 6, 2023 [ECF No. 80] ("Substitution Motion") identifying Francia Abadi, Miguel Abadi, Yvonne Abadi, and Carlos Abadi as representatives of Jose Abadi's in the 'Sucesion Ab Intesto' proceeding in Argentina ("Proceeding").[2] *See* generally Substitution Motion. Plaintiff further identifies JP Morgan Trust Company of Delaware ("JPM") as a 'successor' by virtue of what appear to be *in-vivo* transfers to JPM by Jose Abadi that Plaintiff believes occurred at or during the time of this litigation (which was commenced on September 26, 2019). The Court's Order seeks information consistent with *Garcia v. City of N.Y.*, No. 08-cv-2152 (RRM) (MDG), 2009 WL 26135 (E.D.N.Y. Feb. 4, 2009) (limiting proper parties for substitution to representatives and/or successors). Plaintiff has further consulted with Dr. Knopoff in response to the Order and understands that in the strictest sense,

---

[1] Which directed the plaintiff to provide more information to support that JP Morgan Trust Company of Delaware, the Trustee of Jose Abadi's trust, is a proper successor under Federal Rule of Civil Procedure 25.
[2] Which is referred to in the Affidavit of Dr. Julian Knopoff (ECF No. 81-2).

Medina Law Firm
May 31, 2024
Page 2

JPM is not an applicant in the Proceeding, nor will they be a distributee (because the deceased defendant left living beneficiaries behind) and Argentine law provides for distribution to living persons rather than a trust company (like JPM). Thus, upon further review, Plaintiff agrees that in light of the foregoing JPM does not appear to meet in the strictest sense the definitions promulgated under FRCP 25(a).

Plaintiff nevertheless believes that JPM has succeeded to assets of the deceased defendant, perhaps not by virtue of Proceeding but as part of a greater enterprise through the use of a trust controlled by JPM. As set forth in the Affidavit of Alan Dayan dated October 30, 2023 (ECF No. 82, Ex. B), JPM controls a domestic trust with offshore investment companies established by the deceased defendant. *Id*. By Plaintiff's amended complaint the Plaintiff seeks recovery in this case of millions of dollars in cash and real property, for among others, fraudulent transfers from the judgment debtor Carlos Abadi to the deceased defendant. Attached as Exhibit "1" hereto is a true and accurate copy of discovery that was obtained during the deceased defendant's limited involvement in this matter identifying a fraudulent transfer of a luxury condominium in the "Monaco of the South" a/k/a Punta Del Este in the nation of Uruguay. Further, Plaintiff seeks damages and property resulting from the scheme involving the deceased defendant and "Decision Boundaries LLC," which was little more than another proxy by which to secrete assets and transfers all through JP Morgan Chase Bank. *See* Amended Complaint ¶¶31-41 ECF No. 43. In this same vein, Plaintiff obtained evidence, annexed hereto as Exhibit "2" comprised of a bank statement from Decision Boundaries LLC identifying approximately $173,950.60 dollars in deposits for the month of October 2020 alone received from the nation of Lebanon.[3] Notably, Exhibit "2," contains what appear to be 2 retainer payments to a law firm (See Exhibit "2" page 3). Plaintiff believes that these legal service relate to other transfers of real property which are not the subject of the Proceeding in Argentina. For those reasons, among others, Plaintiff believes that money or property belonging to the deceased defendant has been passed by deceased defendant to JPM. Accordingly, while Plaintiff understands that JPM does not appear to meet the strict definition of a representative or successor originating *arising* from the Proceeding, Plaintiff believes that JPM did in fact succeed to money or property upon the deceased defendant's passing upon the trust become irrevocable upon deceased defendants passing. Plaintiff understands that the JPM portion of the Substitution Motion may be discretionary, but Plaintiff anticipates seeking to recover these transfers to JPM at the appropriate time.[4]

II.  Service of the Substitution Motion

As previously indicated to the Court, the Plaintiff promptly lodged the Substitution Motion for service with the Argentine Central Authority contemporaneous with its filing here. Unfortunately, as of this writing, the Argentine Central Authority has yet to process and serve the remaining substituted parties. Plaintiff is nevertheless aware that Francia Abadi, Miguel Abadi, Yvonne Abadi, and Carlos Abadi are fully aware of the Substitution Motion and are simply avoiding service thereof until service is made via the Central Authority. As mentioned in Counsel's letter

---

[3] A nation where evidence in other proceedings has indicated Carlos Abadi formed bank accounts.

[4] Plaintiff further notes that despite repeated requests to JPM to produce responsive communications in the nature of emails, JPM has continued to assert that Plaintiff will need to "defray" the costs of producing targeted communications by paying JPM approximately $200,000.

MEDINA LAW FIRM
May 31, 2024
Page 3

of March 18, 2024 which contains reference to notice of the Substitution Motion by way of "Carta Documento."[5]  Plaintiff has notified those persons of the obligation to respond.  Annexed hereto as Exhibit "3" are copies of the Carta Documento to each of the foregoing individuals and their respective responses which uniformly object to transmittal of the Substitution Motion via Carta Documento.

    Plaintiff submits that the delays attendant to service of the Substitution Motion are part and parcel to a lengthy and complex strategy to avoid the Plaintiff's claims.  In sum, the Plaintiff believes that the Substitution Motion is wholly appropriate and that JPM's non-participation through the vehicle of Fed. R. Civ. Proc. 25(a) is not an impediment to the Substitution Motion as written, but simply may be addressed in an Order granting the motion in part and denying the motion in part upon completion of service.  I thank the Court in advance for its patience and thoughtful deliberation.

                        Respectfully submitted,

                        */s/ Eric S. Medina*
                        Eric S. Medina, Esq.

Encs.

---

[5] The Argentine mechanism of providing legal notice from one within the nation of Argentina to another of the need to take legal action.

4874-6399-9684, v. 1