UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HONEEDEW INVESTING LLC,

                            Plaintiff,                            **19-CV-08951 (JPC) (VF)**

         -against-

                                                                          **OPINION & ORDER**

JOSE ABADI,

                            Defendant.

------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       This is an action under Article 10 of the New York Debtor and Creditor Law to set aside fraudulent conveyances of real estate and rent proceeds by non-party judgment debtors to Defendant Jose Abadi. The amended complaint alleges that the conveyances were made for no consideration and with the specific intent of secreting transferred assets beyond the reach of Plaintiff Honeedew Investing LLC, which holds a New York judgment in the amount of approximately $4 million against the non-party judgment debtors. See ECF No. 43 at ¶¶ 1-2; see also ECF No. 81 at ¶¶ 3-5. Before the Court is Plaintiff's unopposed motion pursuant to Federal Rule of Civil Procedure 25 to substitute Abadi's successors as parties in this action following Abadi's death. See ECF Nos. 80, 83. For the reasons explained herein, the motion for substitution is **GRANTED** as to Carlos Andres Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann. The motion for substitution is **DENIED** as to JP Morgan Trust Company of Delaware.

## DISCUSSION

Federal Rule of Civil Procedure 25 governs the substitution of parties when "a party dies and the claim is not extinguished." Fed. R. Civ. P. 25(a)(1). Under that rule, "[a] motion for substitution may be made by any party or by the decedent's successor or representative." Id. The rule provides that the motion must be made "within 90 days after service of a statement noting the death" or the action by the decedent "must be dismissed." Id. To succeed on a motion for substitution, the moving party must show (1) that the motion is timely; (2) that the claims have not been extinguished by the death; and (3) a proper party has been proposed for substitution. See Adler v. Bank of Am., N.A., No. 13-CV-4866 (VB), 2015 WL 2330171, at *1 (S.D.N.Y. Mar. 24, 2015). As discussed below, all the elements are satisfied here.

A. Timeliness

Under Rule 25(a)(1), a motion for substitution must be made within 90 days of the service of a statement noting the death. Adler, 2015 WL 2330171, at *1. Abadi died on May 5, 2023. See ECF No. 81 at ¶ 6. As indicated in the sworn declaration of Plaintiff's counsel, although Plaintiff has not been served with a notice of death, Plaintiff learned of the death in September 2023. Id. ¶ 7.

Plaintiff filed the instant motion on November 6, 2023. See ECF No. 80. Plaintiff has not been served with a notice of death, and nothing has been filed on the docket informing the Court of Abadi's death. As such, the 90-day period provided under Rule 25 has not begun to run. See Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998) (explaining that time period begins to run from the filing of a statement notifying of the death). Consequently, the instant motion for substitution is timely.

B. Survival of Plaintiff's claims

A claim survives a litigant's death "if applicable state law creates a right of survival." Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982). Plaintiff's five claims all arise under New York law.[1] In Counts One, Two, and Three, Plaintiff asserts a claim for fraudulent conveyance under New York Debtor Creditor Law §§ 273, 273-a and 278. See ECF No. 43 at ¶¶ 45-63. In Count Four, Plaintiff asserts a common law claim for aiding and abetting fraud. Id. ¶¶ 64-68. And in Count Five, Plaintiff asserts a common law tortious interference claim for interference with collection of a judgment. Id. ¶¶ 69-72.

In New York, Section 11-3.2 of the Estates Powers and Trusts Law governs the survival of legal causes of action following a party's death. Section 11-3.2 provides that "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury." N.Y. E.P.T.L. § 11-3.2(a)(1). Plaintiff's claims all concern an injury to property—namely, Plaintiff's property interest in its judgment. See Mayer v. Ertheiler, 144 A.D. 158, 160 (1st Dep't 1911) (explaining that "the test of survivorship is whether the injury is to pecuniary interests"). All of Plaintiff's claims thus survive Abadi's death.

C. Plaintiff's proposed parties for substitution

Under Rule 25, a proper party for substitution is either a "representative of the deceased party's estate" or a "successor of the deceased party." Garcia v. City of N.Y., No. 08-CV-2152 (RRM) (MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009). Plaintiff proposes to substitute Carlos Andres Abadi, Ivonne Abadi, and Miguel Claudio Abadi, Jose Abadi's surviving children, and Francia Luisa Guthmann, his surviving spouse. See ECF No. 83 at 2; ECF No. 86 at 2. As

---

[1] The Court has jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of New York and Abadi is a citizen of Argentina. See ECF No. 43 at ¶¶ 3-4, 8.

3

outlined in the declaration of Dr. Julian Knopoff, an Argentine lawyer, an Argentine court on February 14, 2024, entered an order declaring Carlos Andres Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann to be the legal successors of Defendant Jose Abadi. See ECF No. 86; ECF No. 88 at ¶¶ 7, 9. The proposed individuals are thus proper parties for substitution.

Plaintiff also proposes to substitute JP Morgan Trust Company of Delaware, the Trustee of Jose Abadi's irrevocable trust, for Defendant Jose Abadi. See ECF No. 82 ¶¶ 2-3. However, under New York law, a trustee is not a personal representative. See N.Y. Est. Powers & Trusts Law § 1-2.13 (McKinney) (stating that the term "personal representative" does not include a "trustee"). Additionally, a "successor" of a deceased party is defined as "a 'distributee' of the defendant's estate if the estate has been distributed at the time the motion for substitution is made." See Bruyere v. Cmm'r of Soc. Sec., No. 19-CV-624, 2020 WL 1904494, at *1 (W.D.N.Y. Mar. 4, 2020) (quoting Garcia v. City of N.Y., No. 08-CCV-2152 (RRM) (MDG), 2009 WL 261365, at * 1 (E.D.N.Y. Feb. 4, 2009)). Because Plaintiff had not provided sufficient information for the Court to determine whether JP Morgan Trust Company of Delaware is a distributee of Abadi's estate, the Court directed Plaintiff to provide additional information concerning its request that JP Morgan Trust Company be substituted as a party under Federal Rule of Civil Procedure 25. See ECF No. 89. In a letter dated May 31, 2024, Plaintiff acknowledged that JP Morgan Trust Company of Delaware did not appear to meet the definition of a representative or successor under New York law for purposes of substitution under Rule 25. See ECF No. 92.

Consequently, Carlos Andres Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann are the only proper parties for substitution.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to substitute the following individuals for Jose Abadi is **GRANTED**: Carlos Andres Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann. The amended complaint is hereby deemed amended to substitute those individuals as defendants in this action. The motion for substitution is **DENIED** as to JP Morgan Trust Company of Delaware. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 80.

**SO ORDERED.**

DATED:    New York, New York
          July 15, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge