# MEDINA LAW FIRM

www.medinafirm.com

641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Telephone: (212)-404-1742
Facsimile: (888)-833-9534

Eric S. Medina, Esq.º

1200 N. Federal Highway
Second Floor
Boca Raton, FL 33432
Telephone: (954)-859-2000
Facsimile: (888)-833-9534

Writer's Email:
emedina@medinafirm.com

ºMember NY, NJ & FL Bar

August 5, 2024

**VIA CM/ECF ELECTRONIC FILING**
Hon. John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Plaintiff shall file a status update by August 26, 2024.

SO ORDERED.
Date: August 6, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

Re:   *Honeedew Investing LLC vs. Jose Abadi*
      Case No. 19-08951-JPC-VF
      Order re Status Report

Dear Judge Cronan:

The undersigned represents Plaintiff Honeedew Investing LLC ("Honeedew" or "Plaintiff") in the above-referenced matter. Pursuant to Your Honor's Order of July 30, 2024 [Dkt. 95] ("Order"), below please find a status report for Your Honor's consideration.

Plaintiff requests until August 26, 2024 to move for judgment by default against substituted defendants Carlos Andres Abadi, Ivonne Abadi, Miguel Claudio Abadi, and Francia Luisa Guthmann (collectively, "Substituted Defendants") for the reasons set forth below.

Plaintiff's Efforts to Make Service on Substituted Defendants

Contemporaneously, with the filing of the motion for substitution on November 6, 2023, [Dkt.'s 81-83] ("Motion") Plaintiff transmitted copies of the Motion to the Substituted Defendants by Federal Express mail to the last known addresses of the Substituted Defendants in Argentina. Plaintiff also contemporaneously contracted ABC Legal Services ("ABC") to serve copies of the Motion upon the Substituted Parties in the nation of Argentina pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Plaintiff had certified translations of the Motion documents prepared and on or about January 16, 2024 ABC confirmed transmittal of the Motion to the Argentine Central Authority. As of this date the Plaintiff has not received confirmation from the Central Authority that the Motion has been delivered to Francia Abadi, Miguel Claudio Abadi, or Yvonne Abadi via

MEDINA LAW FIRM
August 5, 2024
Page 2

the Central Authority. Plaintiff, through Argentina counsel, did inquire as to the status of the service of process at the Central Authority on March 18, 2024 and as recently as July 29, 2024; however, as of this date I understand that service has not been made via the Central Authority.

Plaintiff through the same Argentina Counsel caused copies of the Motion to be served in the nation of Argentina via an Argentine process called "Carta Documento" on March 12, 2024.[1] A week after its transmission to the Substituted Parties, each of the Substituted Parties transmitted responsive Carta Documentos to Honeedew's Argentine counsel objecting to the means of the transmission of the Motion to them.

On or about early May of 2024, one of the Substituted Parties Carlos Abadi travelled from Argentina and appeared in New York Supreme Court, New York County to answer for an order of contempt before that court. Through judgment discovery in the State Supreme Court, Plaintiff learned that at least two of the Substituted Parties Francia Gutthman, entered into an agreement to pay for legal services with a NY lawyer in connection with NY State proceedings by Plaintiff against Carlos Abadi among others. Plaintiff further learned that Francia Gutthman and Miguel Claudio Abadi and possibly Yvonne Abadi caused at least $40,000 to be transferred to the NY attorney. In proceedings before the State Supreme Court, Plaintiff requested as recently as May 20, 2024 and June 17, 2024 that counsel accept copies of the Motion for Francia Gutthman, but counsel refused. Following Judge Figueroa's Decision and Order of July 15, 2024 ("Substitution Decision"), Plaintiff attempted to make service of the Motion along with a copy of the Substitution Decision upon Carlos Abadi via personal service.[2]

In connection with the State Supreme Court matter concerning Carlos Abadi, Plaintiff has further obtained electronic evidence that all of the Substituted Parties are aware of the Motion.

Service of the Motion Complied with Fed. R. Civ. Proc. 4 and the Hague Convention

Service in a federal lawsuit is governed by Rule 4 of the Federal Rules of Civil Procedure. Where an individual to be served cannot be served within a judicial district of the United States service is permitted by internationally agreed means of service, here the Hague Convention. Fed. R. Civ. Proc. 4(f)(1). Under the Hague Convention, Article 15 provides that

> Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that
>
> a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

---

[1] I am informed that Carta Documento is an equivalent form to U.S. Postal Service certified mail service.
[2] Relating to Carlos Abadi's contempt of State Supreme Court Orders, Carlos Abadi is presently in the Custody of the New York Department of Corrections and New York County Sheriff at the Riker's Island Correctional Facility. Plaintiff attempted personal service on July 31, 2024 but Plaintiff's process server was informed that personal service upon an inmate would not be permitted and was instructed to transmit the same via mail. Plaintiff caused copies of the Motion and Substitution Decision to be transmitted to Carlos Abadi via mail on August 2, 2024.

      b)  the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

      and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

      Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled -

      a)  the document was transmitted by one of the methods provided for in this Convention,
      b)  a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
      c)  no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

See Art. 15, Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters; *see also Kiss Nail Prods., Inc. v. Shenzhen Jinri Elec. Appliance Co.*, No. 18 Civ. 5625 (PKC) (AYS), 2020 WL 4679631, at *4 (E.D.N.Y. July 23, 2020). Here Plaintiff transmitted copies of the Motion to the Substituted Defendants via FedEx to their last known addresses in Argentina, all of which were marked as delivered. Plaintiff simultaneously transmitted certified translated Spanish copies of the Motion to the Central Authority on January 16, 2024 in conformity with the practices of the Argentine Central Authority. Plaintiff further took additional steps to provide notice via Carta Documento a common practice in Argentina. *See* Art. 15(a). Plaintiff further attempted service recently both personally and then made service by mail to Carlos Abadi. This is in addition to the service transmitted to Carlos Abadi at the filing of the Motion and by Carta Documento. The Motion was transmitted by one or more methods of service provided for by the Hague Convention. Since January 16, 2024 the Central Authority has been in receipt of the Motion and yet no certificate of service has been received of any kind. *Id*. Since more than six months have pass Plaintiff may move for default judgment. Plaintiff submits that it has further made every reasonable effort to serve process including through NY counsel known to be in a contractual relationship with at least two of the Substituted Parties.

As of this writing, Plaintiff is informed by its Argentina counsel that upon last inquiry to the Central Authority, service is imminent, and as such, in an abundance of caution, the Plaintiff requests until August 26, 2024 to submit its motion for default judgment so as to ideally include a certificate from the Central Authority. Thank you in advance for Your Honor's Consideration.

                                                                          Respectfully submitted,

                                                                          */s/ Eric S. Medina*
                                                                          Eric S. Medina, Esq.